IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-54,101-06






EX PARTE JEFFERIE ANTERIES DANIEL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2000-CR-1247-W6 IN THE 399TH DISTRICT COURT


FROM BEXAR COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of forgery and
sentenced to fifteen years' imprisonment. The Fourth Court of Appeals affirmed his conviction. 
Daniel v. State, 04-02-00484-CR (Tex. App.-San Antonio, August 27, 2003). 

 On October 20, 2011, the district clerk prepared a bill of costs listing attorney fees of
$7945.00. There is no indication that the trial court ever signed an order imposing those costs or
complying with Texas Code of Criminal Procedure Art. 26.05(g). 

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. Armstrong v. State, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011);
Mayer v. State, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). As we held in Ex parte Rodriguez,
334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings
of fact. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant was declared indigent at
the time of his trial and appeal and if so, when, if at all, the trial court ordered that Applicant repay
attorney fees from his trial or appeal. If the trial court ordered Applicant to repay attorney fees, the
trial court shall find whether any determination as to Applicant's ability to pay was made prior to
imposing those fees, and whether Applicant had the ability to appeal the imposition of such fees. 
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: September 26, 2012

Do not publish