IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,490-02






EX PARTE NANCY GAIL KNIGHT, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 53220-02-A IN THE 47TH DISTRICT COURT


FROM POTTER COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to unlawful
possession of a firearm by a felon, and was sentenced to fifteen years' imprisonment, cumulated with
a previous fifty-five year sentence for possession of a controlled substance in a drug- free zone. She
waived her right to appeal.

 Applicant contends, inter alia, that there was no evidence to support the trial court's entry
of a cumulation order in this case, and no evidence to support the imposition of attorney's fees in the
bill of costs. Applicant was apparently determined to be indigent and appointed counsel to represent
her at trial. There is no indication in the habeas record of whether the trial court complied with the
requirements of Article 26.05(g) of the Texas Code of Criminal Procedure by making a
determination that Applicant had the financial resources to enable her to pay for the legal services
provided by trial counsel before such fees were imposed.

 During the sentencing hearing after Applicant pleaded guilty to this offense, the prosecutor
advised the trial court that cumulation of this sentence with Applicant's prior sentence was
mandatory, because of the drug-free zone allegation in the prior case. The trial court ordered
Applicant's fifteen-year sentence in this case to run consecutively with her prior fifty-five year
sentence, without objection from defense counsel. 

 Applicant has alleged facts that, if true, might entitle her to relief. In these circumstances,
additional facts are needed. Armstrong v. State, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011);
Mayer v. State, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). As we held in Ex parte Rodriguez,
334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings
of fact. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In
the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether Applicant
was declared indigent at the time of her trial, and if so, whether any determination as to Applicant's
ability to pay was made prior to the imposition of attorney's fees in the bill of costs. The trial court
shall make findings as to whether Applicant had the opportunity to appeal from the imposition of
the fees. The trial court shall also make findings as to whether the punishment in Applicant's prior
possession of a controlled substance in a drug-free zone conviction was actually increased under
Section 481.134 of the Texas Health and Safety Code, making cumulation mandatory in this case. 
In addition, the trial court shall make findings as to whether the court would have cumulated
Applicant's sentences but for the prosecutor's representation that the cumulation was mandatory. 
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: January 16, 2013

Do not publish