**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-12-00282-CR**
_____

**GEORGE ALEXANDER REED, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 284th District Court**
**Montgomery County, Texas**
**Trial Cause No. 04-07-05407CR**

**MEMORANDUM OPINION**

Pursuant to a plea agreement, George Alexander Reed pled guilty to one count of aggravated sexual assault of a child. The trial court found the evidence sufficient to find Reed guilty, but deferred finding him guilty, placed him on deferred adjudication community supervision for ten years, and assessed a fine of $500. The State subsequently filed a motion to revoke Reed's unadjudicated community supervision. Reed pled true to six violations of the terms of his community supervision order. The trial court found that Reed violated the terms of

1

his community supervision order, found Reed guilty of one count of aggravated sexual assault of a child, revoked Reed's unadjudicated community supervision, and imposed a sentence of confinement for thirty years in the Texas Department of Criminal Justice, Institutional Division. The judgment also imposed a $500 fine. This appeal followed.

Reed's appellate counsel filed a brief that presents counsel's professional evaluation of the record and concludes the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). On January 10, 2013, we granted an extension of time for appellant to file a *pro se* brief. We received no response from Reed. The State also did not file a brief.

We have conducted an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). The record shows that at the conclusion of the hearing on the State's motion to revoke, the trial court orally sentenced Reed to confinement for a term of thirty years. The trial court did not orally impose a fine. But the written judgment includes a $500 fine. A fine is a part of a sentence and must generally be included in the oral pronouncement of the sentence. *See* Tex. Code Crim. Proc. Ann. art. 42.03 § 1(a) (West Supp. 2012); *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). Additionally,

2

when the oral pronouncement of sentence and the written judgment conflict, the oral pronouncement controls. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004).

We have the authority to modify incorrect judgments when the record provides us with enough information to do so. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *see also Bray v. State*, 179 S.W.3d 725, 729-30 (Tex. App.—Fort Worth 2005, no pet.). Thus, we modify the trial court's judgment to delete the imposition of the $500 fine. *See Taylor*, 131 S.W.3d at 502 (holding the court of appeals was correct to delete the fine from the judgment where the trial court did not orally pronounce a fine when guilt was adjudicated but included a fine within the written judgment). Except for this necessary modification to the judgment, we agree with counsel's conclusion that no arguable issues support an appeal. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Compare Stafford*, 813 S.W.2d at 511. We affirm the trial court's judgment as modified.[1]

AFFIRMED AS MODIFIED.

---

[1] Appellant may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.

_____
CHARLES KREGER
Justice

Submitted on April 30, 2013
Opinion Delivered May 15, 2013
Do not publish

Before McKeithen, C.J., Kreger and Horton, JJ.