# NO. 12-12-00423-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CRAIG DESHAUN ACY,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Craig Deshaun Acy appeals his conviction for evading arrest. He raises one issue on appeal relating to the imposition of court costs. We modify and affirm as modified.

### BACKGROUND

Appellant was charged by indictment with the state jail felony offense of evading arrest.[1] On October 7, 2010, Appellant pleaded guilty to the offense and was placed on community supervision for a period of three years. The State filed a motion to revoke Appellant's community supervision on March 31, 2011. After a hearing on the State's motion to revoke, the trial court revoked Appellant's community supervision and sentenced Appellant to two years of confinement. The trial court ordered court costs to be paid and did not assess a fine.[2]

The judgment revoking Appellant's community supervision assessed $574.00 in court

---

[1] *See* TEX. PENAL CODE ANN. § 38.04(b) (West Supp. 2012).

[2] The Texas Court of Criminal Appeals granted Appellant's request for an out-of-time appeal. ***Ex parte Acy***, No. AP-76911, 2012 WL 5450921 (Tex. Crim. App. Nov. 7, 2012) (not designated for publication). Thus, this appeal is properly before this court.

costs.

Appellant argues that the evidence is insufficient to support the trial court's assessment of $574.00 in court costs.

## Standard of Review and Applicable Law

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). We measure sufficiency by reviewing the record in the light most favorable to the award. *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Cardenas v. State*, No. 01-11-01123-CR, 2013 WL 1164365, at *6 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no pet.) (not yet released for publication). Requiring a convicted defendant to pay court costs does not alter the range of punishment, is authorized by statute, and is generally not conditioned on a defendant's ability to pay. *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2006); *Armstrong*, 340 S.W.3d at 767; *see also Johnson v. State*, No. 12-12-00289-CR, 2013 WL 3054994, at *3 (Tex. App.—Tyler June 19, 2013, no pet.).

Some court costs, such as attorney's fees, may not be assessed against a defendant if he was found indigent because his indigence is presumed to continue throughout the remainder of the proceedings "unless a material change in [his] financial circumstances occurs." *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2012). If a trial court does not make a determination that a defendant's financial circumstances materially changed that is also supported by some factual basis in the record, the evidence will be insufficient to impose attorney's fees as court costs. *See* TEX. CODE CRIM. PROC. ANN. arts. 26.04(p), 26.05(g) (West Supp. 2012); *Mayer*, 309 S.W.3d at 553; *Wolfe v. State*, 377 S.W.3d 141, 144, 146 (Tex. App.—Amarillo 2012, no pet.).

## Discussion

The judgment revoking Appellant's community supervision reflects that the trial court assessed $574.00 in court costs. The bill of costs assessed $334.00 in court costs and reflects a remaining balance of $294.00. We have reviewed each of the fees listed in the bill of costs, and attorney's fees are not imposed. All listed costs and fees are authorized by statute. The evidence is insufficient to support the imposition of $574.00 in court costs. Because the bill of costs

2

reflects that some costs have already been paid, the evidence is sufficient to support the trial court's assessment of $294.00 in court costs. *See, e.g., **Muller v. State***, 12-12-00269-CR, 2013 WL 3243522, at *2-3 (Tex. App.–Tyler June 25, 2013, no pet. h.) (mem. op., not designated for publication) (modifying judgment to reflect payment of properly assessed costs); ***Johns v. State***, Nos. 07-10-0303-CR, 07-10-0304-CR, 2011 WL 832837, at *2 (Tex. Ap.–Amarillo Mar. 10, 2011, pet. ref'd) (mem. op., not designated for publication) (modifying judgment to reflect that payment of properly assessed costs were paid in full). Accordingly, we sustain Appellant's sole issue in part.

## DISPOSITION

Having sustained Appellant's sole issue in part, we *modify* the judgment of the trial court to reflect that the amount of court costs assessed is $294.00 and *affirm* the judgment of the trial court *as modified*. *See* TEX. R. APP. P. 43.2(b).

**BRIAN HOYLE**
Justice

Opinion delivered July 24, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### JULY 24, 2013

### NO. 12-12-00423-CR

**CRAIG DESHAUN ACY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellees

---

Appeal from the 114th Judicial District Court
of Smith County, Texas. (Tr.Ct.No. 114-0899-10)

---

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment revoking community supervision below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment revoking community supervision below be **modified** to reflect that the court costs assessed is $294.00; **and as modified**, the trial court's judgment revoking community supervision is **affirmed**; and that this decision be certified to the trial court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

4