

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1479-10

**ALTON ARMSTRONG, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
FROM THE SEVENTH COURT OF APPEALS
POTTER COUNTY**

**MEYERS, J., delivered the opinion for a unanimous Court.**

**O P I N I O N**

Appellant was charged with aggravated assault with a deadly weapon. He entered

a negotiated plea agreement that placed him on deferred-adjudication community

supervision for two years, which was later extended for an additional two years.

Subsequently, the trial court adjudicated guilt and assessed a sentence of six years'

imprisonment. On appeal, Appellant challenged the clerk's bill of costs. The Amarillo

Court of Appeals affirmed the trial court's judgment, declining to address Appellant's

insufficient evidence argument because it involved a civil law matter. *Armstrong v. State*, 320 S.W.3d 479 (Tex. App.—Amarillo 2010) (memo. op.). We granted Appellant's petition for discretionary review, and we will reverse the judgment of the court of appeals.

## I. FACTS

On February 22, 2005, the day after Appellant committed aggravated assault with a knife, Appellant executed a financial request for a court-appointed attorney. The trial court found that Appellant was indigent[1] and appointed representation.

After indictment,[2] Appellant entered a negotiated, written plea agreement. The trial court imposed deferred adjudication community supervision for two years. The court ordered Appellant to pay assorted fees as conditions of probation, but it did not incorporate by reference any fees that the district clerk might assess. On the day of the plea agreement, Appellant's counsel filed an attorney fee expense claim for $900, which was ordered paid,[3] and two days later, the clerk placed in the record a bill of costs, stating that Appellant owed a total of $1,123, including $900 for attorney fees. Appellant did not

[1]The order stated that Appellant "is without counsel and is too poor to employ counsel."

[2]The indictment alleged that Appellant did "intentionally or knowingly cause bodily injury to [the victim] by stabbing and cutting [the victim] with a knife, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a knife, that in the manner of its use and intended use was capable fo causing death and serious bodily injuring, during the commission of said assault." It contained an enhancement paragraph for a prior conviction of delivery of a controlled substance.

[3]For this and subsequent fee expense claims, the trial judge signed below the language "Approval and Ordered paid from the General Fund."

contest any of the fees.

Over the next two years, the trial court signed two supplemental orders, each amending the conditions of probation and extending Appellant's probation. And, in both orders, Appellant reaffirmed that he would pay "all court costs including the court appointed attorney fee." Then, in April 2008, the State filed a motion to proceed to adjudication, alleging that Appellant violated a condition of his community supervision.[4] Appellant completed a second financial request for a court-appointed attorney, and the trial judge again appointed representation. Subsequently, Appellant signed another agreement for continuation and modification, and a court order extended his community supervision for one more year. A second fee-expense claim for $500 in attorney fees was submitted and ordered paid as a condition of Appellant's community supervision. The trial judge waived Appellant's probation fee and entered a supplemental order amending the conditions, which included an agreement to pay all court costs and court-appointed attorney fees. Appellant did not challenge the factual basis of any fees to which he agreed and was ordered to pay.

Seven months after its original motion, the State filed a second motion to adjudicate, alleging that Appellant again violated a condition of his community supervision. Appellant executed a third request for court-appointed counsel, and the trial court appointed representation. At the hearing on the motion to proceed, Appellant pled

[4]Applicant failed to successfully complete treatment through the Substance Abuse Felony Treatment Program.

"true" to all allegations specifying violations of his community supervision as alleged by the State. The trial judge found Appellant guilty and sentenced him to six years' incarceration in the Department of Criminal Justice-Institutional Division.[5] No mention was made of attorney fees at the hearing, but on the same day, the trial judge approved an additional payment of $500 for attorney's fees.

Shortly thereafter, the Judgment Adjudicating Guilt was signed. Although the judgment ordered Appellant to pay "any remaining unpaid fines, court costs, and restitution as ordered by the Court above," the space for court costs was left blank with no amount specified. And, on the following day, the Potter County District Clerk prepared a second bill of costs, which totaled $2,258 and included $1,900 in attorney fees. The district court appointed counsel for appeal.

## II. AMARILLO COURT OF APPEALS

On appeal, Appellant contested the costs assessed against him. The Amarillo Court of Appeals affirmed the judgment of the trial court. *Armstrong*, 320 S.W.3d 479.

First, the court of appeals rejected Appellant's claim that, "absent incorporation by reference in the judgment, the clerk's bill of costs is of no force or effect." *Id*. at 480. It noted that the obligation to pay court costs is mandated by statute, and those fees are non-punitive in nature. *See* TEX. GOV'T CODE §§ 102.021, 102.041. Thus, "the clerk's

---

[5]Appellant initially requested to be kept on probation, claiming that he would report, make payments, and go to the required meetings. The State recommended "special needs Safe-P" as an inpatient. The trial judge allowed Appellant to decide between inpatient treatment with continued probation or incarceration, and Appellant chose the latter.

certified bill of costs imposes an obligation upon him to pay the costs, again other than attorney's fees, whether or not the bill is incorporated by reference into the judgment." *Armstrong*, 320 S.W.3d at 481.

Regarding the remaining issues concerning attorney fees,[6] the court of appeals declined to address those matters because Appellant's contentions concerned the collection, rather than the assessment, of costs. *Id.* at 481-82. The court of appeals said that they are civil matters, which are properly the subject of a lawsuit regarding collection of costs, so the matters would be outside the purview of a direct appeal from a criminal conviction. And since no effort had yet been made to collect the costs, any analysis by the court of appeals would be advisory.

Justice Pirtle concurred, writing to address Appellant's issues to the extent that they may be construed as raising issues unrelated to the collection of costs. *Id.* at 482 (Pirtle, J., concurring). He began by noting that the phrase "assessment of costs" can mean the judicial pronouncement of an obligation to pay costs as well as the administrative process of collecting costs. *Id.* Justice Pirtle agreed that a certified bill of costs need not be incorporated into the judgment to be effective because "court costs are imposed as a matter of legislative directive." *Id.* at 484. Additionally, Justice Pirtle

---

[6]Appellant's second and third issues were as follows: "Second, appellant asks whether, if the bill of cost has any effect, there is sufficient evidence in the record to support an order for appellant to pay court-appointed attorney's fees. [Third], appellant asks, in the alternative, whether the bill of costs constitutes an order that appellant pay a specific sum in court-appointed attorney's fees." *Armstrong*, 320 S.W.3d at 480.

contended that attorneys fees are reimbursable only if there is a judicial determination of the amount and the defendant's ability to pay. Here, since the judgment did not pronounce that Appellant was required to pay attorneys fees, there was no error in the judgment. Justice Pirtle highlighted that the Amarillo Court of Appeals is being asked to review bills of costs "[w]ith increasing frequency." *Id.* at 483.

We granted Appellant's petition for discretionary review challenging the court of appeals's characterization of his attorney fees issues as civil law matters. Specifically, Appellant's ground for review stated the following: Under the Code of Criminal Procedure a clerk's bill of costs authorizes law enforcement officials to collect its demands. Does a claim of insufficient evidence to support a requirement that the defendant reimburse the county for attorney fees, even if mandated only by such a bill of costs, present a criminal law matter?

### III. ARGUMENTS OF THE PARTIES

*A. Appellant's Argument*

Appellant argues that the question raised, whether there is sufficient evidence to support an order to pay attorney fees in a criminal prosecution, is a criminal law matter.

Appellant emphasizes that he challenges only the lack of evidence to support the fees,[7] and he claims that the court of appeals confused the legitimacy and enforcement of attorney fees with the means of their collection. Citing *Mayer v. State*, 309 S.W.3d 552

---

[7]He acknowledges that the means of collection is a civil matter. *See* TEX. GOV'T CODE § 501.014(e); *Harrell v. State*, 286 S.W.3d 315, 319 (Tex. 2008).

(Tex. Crim App. 2010), Appellant argues that the fees' legitimacy and their enforcement are both criminal law matters. He points out that, per the Texas Code of Criminal Procedure, a bill of costs' existence makes it "payable" and proper to be collected.[8] Accordingly, because relief is sought pursuant to several criminal statutes, the legitimacy of fees charged by a district clerk is a criminal law matter.[9]

Further, Appellant contends that insufficient evidence in a criminal case must be raised, if at all, in a direct appeal. He also notes that the court of appeals should be able to consider the issue presented because its jurisdiction is not restricted, except for in mandamus actions; the court of appeals has jurisdiction to decide "all of the issues which arise as a result of the initial action." *See Curry v. Wilson*, 853 S.W.2d 40, 44 (Tex. Crim. App. 1993).

Finally, Appellant maintains that the question raised should be addressed as a matter of criminal appeal for policy reasons. Doing so would preserve judicial resources by keeping the lines of direct appeal open, instead of creating a second (civil) appeal. It would also assure Appellant of the proper remedy because, according to Appellant, there is no guarantee that the Texas Supreme Court would take jurisdiction of this case, and the court of appeals will not decide the case if the amount in controversy is less than $250.

---

[8]Appellant cites, e.g., Sections 103.001, 103.002, and 103.003(a) of the Texas Code of Criminal Procedure.

[9]Appellant maintains that the distinction between the bill of costs and a judicial order does not affect the character of an insufficient evidence issue as a criminal law matter.

## B. State's Argument

The State responds that the Amarillo Court of Appeals correctly upheld the criminal judgment on direct appeal, and because the substance of Appellant's issues concerns the collection of costs, addressing it would result in an advisory opinion.

The State begins by distinguishing *Mayer* and noting that, unlike that case which involved a direct appeal from a jury trial, this case involves the revocation of deferred-adjudication community supervision. The State contends that the negotiated plea was a contractual agreement from which Appellant benefitted; the payment of attorney fees was a condition of his probation and, thus, a contractual obligation by which he was bound. Therefore, because Appellant affirmatively accepted and waived any objections to the conditions, he cannot complain about them for the first time on appeal. *See Speth v. State*, 6 S.W.3d 530 (Tex. Crim. App. 1999); *Reyes v. State*, 324 S.W.3d 865 (Tex. App.—Amarillo 2010, no pet.). In addition, according to the State, Appellant should not be pursuing a direct appeal because other remedies are available to address any question about the correctness of the district clerk's bill of costs. For example, Appellant may correct costs by filing a motion in the trial court and may address any collection dispute in a civil proceeding.

Finally, the State argues that a contest to the district clerk's bill of costs is a matter that should be reserved for a collection dispute in a civil proceeding. It notes that the final written criminal judgment reflects no additional order for any reimbursement of

court appointed attorney's fees. Thus, the State contends that there is no mandate for Appellant to pay the attorney fees from the adjudication—a clerk's bill of costs, without more, does not constitute the necessary judicial determination regarding court appointed attorney's fees. Consequently, the State concludes that, apart from Appellant's contractual agreement, there is no court order for him to pay appointed attorney fees from the adjudication forward under criminal or civil law.

## IV. CASELAW

We "necessarily have the power to decide what constitutes a criminal law matter." *Lanford v. Fourteenth Court of Appeals*, 847 S.W.2d 581, 585 n.3 (Tex. Crim. App. 1993). Although we have not issued a definitive statement of what constitutes a "criminal law matter," the term "encompass[es], at a minimum, all legal issues arising directly out of a criminal prosecution."[10] *Id.* at 585. Importantly, we have held that "[d]isputes which arise over the enforcement of statutes governed by the Texas Code of Criminal Procedure, and which arise as a result of or incident to a criminal prosecution, are criminal law matters." *Curry v. Wilson*, 853 S.W.2d 40, 43 (Tex. Crim. App. 1993).[11]

An issue does not cease to be a criminal law matter merely because elements of

_____

[10]In *Smith v. Flack*, 728 S.W.2d 784, 788 (Tex. Crim. App. 1987), we held that the constitution grants us the power to issue writs of mandamus when "criminal law is the subject of the litigation," but we have since indicated that that assertion was not intended to be a definitive statement of the meaning of criminal law matters. *See, e.g., Langford*, 847 S.W.2d at 585.

[11]"Our decision holds that a trial court has not lost jurisdiction over a criminal law matter until all of the issues . . . attendant to that criminal law matter are resolved." *Curry*, 853 S.W.2d at 45 n.3.

civil law must be addressed to resolve the issue. That is, "[a]lthough civil and criminal law matters may occasionally overlap, when a matter is essentially criminal, the presence of civil law issues will not remove the matter from our jurisdiction." *Holmes*, 885 S.W.2d 389 (Tex. Crim. App. 1994). The nature of the originally issued order determines whether a subsequent enforcement proceeding involves a criminal law matter, so "enforcement of an order issued pursuant to a criminal statute is a criminal law matter as much as the issuance of the order itself, even if it requires this Court to examine civil laws in the process." *Smith v. Flack*, 728 S.W.2d 784, 788-80 (Tex. Crim. App. 1987).

## V. DISCUSSION

A clerk's bill of costs of the criminal conviction is permitted pursuant to Article 103.001 of the Texas Code of Criminal Procedure, and its issuance makes the included costs payable under the same statute.[12] Enforcement of a bill of costs is allowed under Texas Code of Criminal Procedure Article 103.003, et seq. Fees for court-appointed representation are often included in a bill of costs. Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order the reimbursement of court-appointed attorney fees:

> If the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount that it finds the defendant

---

[12]Article 103.001 states that "[a] cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment of the cost."

is able to pay.

"[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees." *Mayer*, 309 S.W.3d 552, 556.

Here, the judgment adjudicating Appellant guilty left blank the spaces for court costs and restitution, but it stated that Appellant should pay any court costs "as ordered by the Court above." Subsequently, the clerk's office issued a bill of costs, in which it stated that Appellant owed $1900 in attorney fees and $358 in miscellaneous court costs. It is that bill of costs which Appellant contests.

Appellant contends that there is insufficient evidence to support the attorney fees as set forth in the clerk's bill of costs. Thus, Appellant challenges the assessment of costs mandated by the clerk's bill of costs, which is issued pursuant to Texas Code of Criminal Procedure Article 103.001. And in arguing insufficient evidence, he relies on the critical requirements set forth in Texas Code of Criminal Procedure Article 26.05(g) (i.e., that he does not have the financial resources to offset, in whole or part, the costs of the legal services provided). Because Appellant's claim arises over the enforcement of statutes governed by the Texas Code of Criminal Procedure, the pertinent litigation is a criminal law matter.[13]

---

[13]When addressing Appellant's sufficiency argument on remand, the court of appeals should consider Texas Code of Criminal Procedure Article 26.04(p) and our decision in *Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010).

The Amarillo Court of Appeal failed to consider the merits of Appellant's claims because it believed that Appellant was challenging the collection of costs, a civil law matter. But the court misconstrued Appellant's claim. We do not debate that the means of collection of attorney fees—such as a withdrawal order entered into pursuant to Section 501.014(e) of the Texas Government Code—is a civil law matter. *See Harrell v. State*, 286 S.W.3d 315 (Tex. 2009)*; Johnson v. Tenth Judicial District Court of Appeals at Waco*, 280 S.W.3d 866 (Tex. Crim. App. 2008). As the Texas Supreme Court explained in *Harrell*, withdrawal orders

> may be incidental to criminal prosecutions and a mechanism to enforce criminal judgments, but they do not arise over enforcement of a statute governed by the Code of Criminal Procedure. Nor is criminal law the focus of this action. True, a withdrawal order does seize payment for costs previously taxed in a criminal case, but the criminal case is over.

*Harrell*, 286 S.W.3d at 318. However, in contrast to that scenario, Appellant does not contest any withdrawal order issued by the trial court pursuant to the Texas Government Code or any other collection effort. Instead, Appellant contests the assessment of the costs and the sufficiency of the evidence to support the attorney fees mandated by the bill of costs. As discussed previously, his claim arises over the enforcement of statutes governed by the Texas Code of Criminal Procedure, thereby making it a criminal law matter.

Although not part of the question upon which we granted review, we feel that it would be helpful to address whether the attorney fees in a certified bill of costs are

effective if not orally pronounced or incorporated by reference into the judgment.

Because attorney fees are more analogous to court costs than to fines, we hold that they

are effective under such facts.

Court costs, as reflected in a certified bill of costs, need neither be orally

pronounced nor incorporated by reference in the judgment to be effective. *See Weir v.

State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009). This is because court costs do not

"alter the range of punishment to which the defendant is subject, or the number of years

assessed" and, thus, are not part of the sentence. *Id.* at 367. Instead, court costs are

compensatory in nature; that is, they are "a nonpunitive recoupment of the costs of

judicial resources expended in connection with the trial of the case." *Id.* at 366

(quotations omitted).[14] In contrast, fines generally must be orally pronounced in the

defendant's presence. TEX. CODE CRIM. PROC. Art. 42.03 § 1(a); *Taylor v. State*, 131

S.W.3d 497, 500 (Tex. Crim. App. 2004). Fines are punitive, and they are intended to be

part of the convicted defendant's sentence as they are imposed pursuant to Chapter 12 of

the Texas Penal Code, which is entitled "Punishments." *See Weir*, 278 S.W.3d at 366.

Like court costs and unlike fines, attorney fees are compensatory and non-punitive.

They serve as reimbursement for the legal services provided by appointed counsel. And

the trial court does not impose attorney fees as part of a convicted defendant's

sentence—Texas Code of Criminal Procedure Article 26.05(g) applies whether or not the

---

[14]We noted that the fact that only convicted defendants need pay court costs "does not by itself indicate that these costs were intended . . . to be punitive and part of the sentence."

defendant is convicted, and the directive to pay attorney fees does not change the range of punishment assessed.  Because attorney fees are akin to court costs, we apply the same rules to attorney fees that we apply to court costs.  Accordingly, attorney fees need not be orally pronounced to be effective.  *See Weir*, 278 S.W.3d at 367 (holding that the court costs "did not have to be included in the oral pronouncement of sentence" to be enforced).  Further, attorney fees as set forth in a certified bill of costs are effective whether or not incorporated by reference in the written judgment.[15]

## VI.  CONCLUSION

The court of appeals erred in holding that a claim of insufficient evidence to support a requirement that the defendant reimburse the county for attorney fees, as mandated by a clerk's bill of costs, did not present a criminal law matter.  The court of appeals should have addressed Appellant's claim.  The judgment of the court of appeals is reversed in part, and the case is remanded for consideration of Appellant's remaining points of error in accordance with the rules set forth today.

Meyers, J.

Delivered: June 22, 2011

Publish

---

[15]The court of appeals correctly noted that "an *effective* bill of costs is not the functional equivalent of a *correct* bill of costs."  *Armstrong*, 320 S.W.3d at 484.