NO. 07-11-00182-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

NOVEMBER 2, 2011

_____

MICHELLE LYNN GILL, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 19,739-C; HONORABLE ANA ESTEVEZ, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Michelle Lynn Gill, appeals from the trial court's judgment in which she was adjudicated guilty of aggravated assault with a deadly weapon and sentenced to fourteen years' incarceration. On appeal, she requests that this Court reform the district clerk's bill of costs which was incorporated into the judgment and which assessed court-appointed attorney's fees against her. She maintains that the trial court improperly assessed attorney's fees because the record contains no finding that she had the financial resources to pay the court-appointed attorney's fees. The State agrees with appellant's contention, concedes error in the assessment of attorney's fees against

appellant, and joins in her request that we modify the incorporated bill of costs to exclude attorney's fees. Having reviewed the record and considered the arguments of the parties, we agree, modify the incorporated bill of costs by deleting the assessment of attorney's fees against appellant, and affirm the trial court's judgment as modified.

Factual and Procedural History

In September 2008, pursuant to a plea bargain and while represented by court-appointed counsel, appellant pleaded guilty to the second-degree felony of aggravated assault with a deadly weapon. Consistent with the plea agreement, the trial court placed appellant on deferred adjudication community supervision for a period of three years and assessed a $1,000.00 fine against her.

On November 3, 2010, the State filed its motion requesting that the trial court proceed to adjudication. The State alleged nine ways in which appellant violated the terms of her deferred adjudication community supervision. Upon appellant's request, the trial court appointed counsel to represent appellant on January 5, 2011. On March 29, the trial court held a hearing on the State's motion to adjudicate guilt. Appellant pleaded true to three of the nine alleged violations and, after taking evidence, the trial court found five of the remaining six violations to be true, adjudicated appellant guilty of aggravated assault with a deadly weapon, and sentenced her to fourteen years' incarceration. The trial court's judgment incorporated the district clerk's bill of costs, which assessed against appellant $2,200.00 in court-appointed attorney's fees.

In response to appellant's request, the trial court appointed appellate counsel to represent appellant. The trial court also granted appellant's request for a free a copy of

2

the record for appeal based on its finding that she "cannot pay or give security for the [a]ppellate record." Appellant has appealed her conviction to this Court, raising a sole point of error: the trial court's assessment of court-appointed attorney's fees was erroneous in the absence of evidence that she had the financial resources to pay those fees. We will sustain her issue, modify the judgment, and affirm the trial court's judgment as modified.

Analysis

The trial court's authority to order a defendant to pay for court-appointed attorney's fees is made conditional on a finding that the defendant has the financial resources to pay all or part of those fees:

> If the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount that it finds the defendant is able to pay.

TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2010). Both appellant and the State contend that the trial court failed to find that appellant had the financial resources to pay her court-appointed attorney's fees and that, therefore, the trial court's assessment of attorney's fees against appellant was error.

Although the trial court did not orally pronounce its assessment of court-appointed attorney's fees against appellant and the trial court's judgment did not specifically refer to the assessment of such fees, the assessment of attorney's fees found in the district clerk's bill of costs was effective against appellant. See Armstrong v. State, 340 S.W.3d 759, 766–67 (Tex.Crim.App. 2011). However, the assessment of

attorney's fees must be supported by sufficient evidence. Without record evidence demonstrating a defendant's financial ability to offset the costs of legal services, a trial court errs by ordering reimbursement of court-appointed attorney's fees. See Mayer v. State, 309 S.W.3d 552, 556 (Tex.Crim.App. 2010). We now look to the record.

In appellant's requests for appointed counsel to represent her in the original plea proceeding, in the adjudication proceeding, and on appeal, she submitted a summary of her financial circumstances to the trial court and swore that she was "without means to employ counsel of my own choosing." The trial court granted each of her three requests for appointed counsel. The trial court also granted appellant's request for a free appellate record based on appellant's representation that she "cannot pay or give security for the [a]ppellate record." Therefore, the record reveals that the trial court has found appellant to be indigent on four occasions.

"A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2010); Mayer, 309 S.W.3d at 557. Again, the record before us reveals that the trial court found four times that appellant was indigent by appointing three attorneys to represent appellant at various stages of the prosecution and by granting her request for a free appellate record. The record reveals no evidence to suggest a material change in appellant's financial circumstances such that she would be able to pay all or part of the court-appointed attorney's fees outlined in the bill of costs. Nowhere in the record does the trial court find that she has the financial resources to do

4

so as required by Article 26.05(g).  Therefore, the trial court's assessment of court-appointed attorney's fees against appellant was error.

Conclusion

Based on appellant's brief and the State's motion and response,[1] we consider and sustain the sole issue presented, modify the trial court's judgment by deleting from the incorporated bill of costs its assessment of court-appointed attorney's fees in the amount of $2,200.00 against appellant, and affirm the trial court's judgment of conviction as modified by the corrected bill of costs.  See Tex R. App. P. 43.2(b).

Per Curiam

Do not publish.

---

[1] We treat the State's motion as serving two purposes: (1) its request to depart from the ordinary timing and protocol regarding submission and disposition of cases and (2) its brief in response to appellant's brief.  With respect to the State's request to suspend operation of the rules regarding notice prior to submission, we grant said motion.  To "expedite a decision" in the instant cause, we invoke Rule 2 of the Texas Rules of Appellate Procedure to suspend the operation of Rule 39.8 requiring a notice from the Clerk's Office at least twenty-one days in advance of submission of the cause for the Court's consideration.  Tex. R. App. P. 2, 39.8.  With respect to the State's responsive analysis, we find the State's concession of error to be well-taken.