IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,916-01






EX PARTE CHAD WAYNE CARRIKER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 08-5-7906 IN THE 24TH DISTRICT COURT


FROM JACKSON COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty and was convicted
of aggravated robbery and sentenced to twenty-five years' imprisonment. He did not appeal his
conviction.

 Applicant contends, inter alia, that trial counsel was ineffective for failing to object to the
trial court's order to pay attorney fees, and for encouraging him to plead guilty without telling him
that the aggravating factor in the robbery, use of a firearm, could not have been proven because
Applicant used a toy gun. On August 5, 2009, the trial court signed the judgment and sentence in
this cause and ordered that $987.50 in attorney's fees be added and paid by Applicant. Applicant
contends that the trial court erred in entering this order because it failed to determine whether he
could pay the attorney's fees and that counsel failed to object to this order and inform him of his
right to appeal such order. Tex. Code Crim. Pro. Art. 26.05(g); Armstrong v. State, 340 S.W.3d
759, 767 (Tex. Crim. App. 2011).

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain a response from counsel regarding Applicant's claim of ineffective assistance of counsel.
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings as to whether the imposition of attorney fees occurred
after Applicant was determined to be indigent and without the determination of a change in financial
status. If so, the trial court shall make findings of fact as to when Applicant and trial counsel
received notice of the order to pay attorney fees. The trial court shall make findings as to whether
the payment of attorney fees was an affirmative part of Applicant's plea bargain agreement. The trial
court shall make findings as to whether counsel informed Applicant of his ability to appeal the
imposition of attorney fees. The trial court shall make findings as to whether counsel investigated
the allegation that Applicant was using a toy gun and that the aggravating factor would not have been
able to be proven. Finally, the trial court shall make findings and conclusions as to whether trial
counsel's performance was deficient and, if so, whether counsel's deficient performance prejudiced
Applicant. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: August 22, 2012

Do not publish