

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00469-CR

Darwin Glenn **ROSS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 82nd District Court, Robertson County, Texas
Trial Court No. 08-06-18481-CR
Honorable Robert Miller Stem, Judge Presiding

PER CURIAM

Sitting:     Sandee Bryan Marion, Justice
            Marialyn Barnard, Justice
            Rebeca C. Martinez, Justice

Delivered and Filed:  October 2, 2013

DISMISSED FOR LACK OF JURISDICTION

On June 2, 2008, appellant, who was indigent at trial, pled guilty to robbery pursuant to a plea bargain.  The trial court assessed punishment at seven years' confinement and ordered appellant to pay $215.00 in court costs and $450.00 in attorney's fees.  Also on June 2, 2008, the trial court signed an Order to Withhold Funds From Inmate's Trust Account for the payment of court costs and attorney's fees.  Almost four years later, on June 27, 2011, appellant filed a Motion to Dismiss Court Cost[s] and Attorney's Fees in the trial court.  On or about April 13, 2012, the district clerk notified appellant "[t]here will be no response given" by the trial court on the motion.

On February 19, 2013, appellant filed a Motion to Offset/Reimbursement of Court-Appointed Attorney's Fees" (the "offset motion") with the trial court. The next day, the trial court denied the offset motion, without stating its reasons. On March 13, 2013, appellant appealed to the Waco Court of Appeals. On June 27, 2013, the Texas Supreme Court transferred this appeal to this court from the Waco Court of Appeals. *See* SUPREME COURT MISC. DOCKET NO. 13-9097.

While the appeal was still pending before the Waco court, that court sent a letter to appellant and the State notifying the parties that the court "question[ed] its jurisdiction to decide this appeal because it is unclear whether [appellant's] motion/complaint challenges the underlying criminal judgment, including the amount or assessment of certain cost[s], or the procedure used to collect that judgment." The Waco court requested "briefing which identifies the issues to be appealed and the Court's jurisdiction thereof." In his response, appellant raises two issues: (1) the trial court abused its discretion in denying his offset motion because he was indigent at trial and there was no determination made that he had the financial resources to pay the attorney's fees, and (2) the trial court erred by failing to make findings in support of its order denying his offset motion. The State responds that this court lacks jurisdiction over the appeal. We agree with the State because although appellant filed his notice of appeal within thirty days of the trial court's denial of his offset motion, the motion itself was not timely. Therefore, we dismiss this appeal for lack of jurisdiction.

## DISCUSSION

"On notification by a court, the [Texas Department of Criminal Justice] shall withdraw from an inmate's account any amount the inmate is ordered to pay by order of the court under this

subsection." TEX. GOV'T CODE ANN. § 501.014(e) (West 2012).[1] An award of costs and/or attorney's fees in a judgment of conviction may be challenged in a direct criminal appeal. *Armstrong v. State*, 340 S.W.3d 759, 766 (Tex. Crim. App. 2011) (holding that because defendant contested assessment of costs and sufficiency of evidence to support attorney's fees, his claim arose over enforcement of statutes governed by Texas Code of Criminal Procedure; therefore, case was a criminal law matter). On the other hand, the "means of collection" of court costs or attorney's fees (often accomplished by garnishment of an inmate's trust account) is a civil matter. *Id.*; *see Harrell v. State*, 286 S.W.3d 315, 316, 318 (Tex. 2009) (matter was civil because "the criminal case is over" and costs and fees were collected pursuant to Government Code section 501.014 and not any provision of the Code of Criminal Procedure).

Whether the challenge is to the award of costs and fees or to the collection of costs and fees, the appeal must be timely. Whether as part of a direct criminal appeal or an appeal in a civil action, a notice of appeal is timely if filed within either thirty days or ninety days of the applicable judgment or order.[2] Here, the trial court's judgment of conviction assessing the attorney's fees and the order to withhold the fees from appellant's inmate trust account were signed on June 2, 2008. Appellant raised his first challenge on June 27, 2011 in the trial court and he filed his appeal on March 13, 2013. Because appellant did not timely challenge the award or collection of the

---

[1] The Texas Code of Criminal Procedure requires a trial court to determine whether "a defendant has financial resources that enable him to offset in part or in whole" the cost of his appointed counsel. TEX. CODE CRIM. PROC. ANN. art 26.05(g) (West 2012).

[2] In ordinary civil cases, "[t]he notice of appeal must be filed within 30 days after the judgment is signed . . . [or] within 90 days after the judgment is signed if any party timely files: (1) a motion for new trial; (2) a motion to modify the judgment; (3) a motion to reinstate under Texas Rule of Civil Procedure 165a; or (4) a request for findings of fact and conclusions of law if findings and conclusions either are required by the Rules of Civil Procedure or, if not required, could properly be considered by the appellate court." TEX. R. APP. P. 26.1(a). In criminal cases, a defendant must file the notice of appeal "(1) within 30 days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order; or (2) within 90 days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial." TEX. R. APP. P. 26.2(a).

attorney's fees from his inmate trust account, we have no option but to dismiss this appeal for lack of jurisdiction.

PER CURIAM

Do not publish