**Affirmed as Modified; Opinion Filed October 30, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01721-CR

### CLARK DEONTE WINFIELD, II, Appellant

### V.

### THE STATE OF TEXAS, Appellee

### On Appeal from the 195th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F07-73268-N

## MEMORANDUM OPINION

Before Justices FitzGerald, Francis, and Myers
Opinion by Justice Myers

Clark Deonte Winfield, II was convicted of aggravated sexual assault of a child younger than fourteen years. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i) (West Supp. 2012). The trial court assessed punishment at five years' imprisonment and a $2,000 fine. The trial court's judgment also includes an order that appellant pay $473 in court costs. In three issues, appellant contends there is insufficient evidence in the record to support the trial court's order that he pay $473 in court costs and the judgment should be modified to correct several errors. We modify the trial court's judgments and affirm as modified.

In his first issue, appellant contends the evidence is insufficient to support the trial court's judgment that appellant pay $473 in court costs because the clerk's record does not contain a bill of costs. The State responds that appellant is not entitled to have the court costs removed from the judgment.

If a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have been accrued and send the bill of costs to the court to which the action or proceeding is . . . appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2006). Costs may not be collected from the person charged with the costs until a written bill, containing the items of cost, is produced and signed by the officer who charged the cost or the officer entitled to receive payment for the cost. *Id*. art. 103.001.

The clerk's record in this case initially did not contain a copy of the bill of costs. We, however, ordered the Dallas County District Clerk to file supplemental records containing a certified bill of costs associated with this case, and the clerk did so. *See* TEX. R. APP. P. 34.5(c)(1) (rules of appellate procedure allow supplementation of clerk's record if relevant items has been omitted). Appellant's complaint that the evidence is insufficient to support the imposition of costs because the clerk's record did not contain a bill of costs is now moot. *See Coronel v. State*, No. 05-12-00493-CR, 2013 WL 3874446, at *4 (Tex. App.—Dallas July 29, 2013, no pet. h.); *Franklin v. State*, 402 S.W.3d 894, 895 (Tex. App.—Dallas 2013, no pet.). We overrule his first issue.

In response to the Court's order requiring supplementation of the records, appellant filed an objection that the bill of costs in the supplemental record is not a "proper bill[s] of costs" and the bill of costs was not filed in the trial court or brought to the trial court's attention before costs were entered into the judgments. We reject both arguments.

Appellant first contends that the bill of costs in the record is not a "proper bill[s] of costs" because they are "unsigned, unsworn computer printout[s]." Appellant acknowledges the district clerk has certified that the documents constitute costs that have accrued to date," but says this does not "set out the costs as required by statute." While the code of criminal procedure requires a record to be kept, the code is silent on the form of such a record except to the extent it must be certified and signed "by the officer who charged the costs or the officer who is entitled to receive payment for the cost." *See* TEX. CODE CRIM. PROC. ANN. art. 103.001, .006; *Coronel*, 2013 WL 3874446, at *4.

Here, the district clerk provided a "Bill of Costs Certification" containing the costs that have accrued to date in the respective case, and the documents are certified and signed by the district clerk. Because the documents meet the mandate of the code of criminal procedure, we conclude appellant's objection that the bill of costs is not "proper" lacks merit. *See Coronel*, 2013 WL 3874446, at *4.

Appellant further argues there is no indication the bill of costs was filed in the trial court or brought to the trial court's attention before costs were entered in the judgments. Nothing in the code of criminal procedure or the statutes addressing the assessment of costs against defendants requires that a bill of costs be presented to the trial court at any time before judgment. *See id.* at *5.

Article 42.16 provides that the judgment shall "adjudge the costs against the defendant, and order the collection thereof as in other cases." TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2006). Court costs, as reflected in a certified bill of costs, are not part of the sentence, do not alter the range of punishment, and need not be orally pronounced or incorporated by reference in the judgment to be effective. *Armstrong v. State*, 340 S.W.3d 759, 766 (Tex. Crim.

App. 2011); *Coronel*, 2013 WL 3874446, at *5.  The code of criminal procedure does not require the bill of costs be filed at the time the trial court signs the judgment of conviction; it only requires a bill of costs be produced if a criminal case is appealed or costs are collected.  *See Coronel*, 2003 WL 3874446, at *5.  Because there is no requirement that the costs be presented to the trial court, we conclude appellant's second objection to the supplemented record lacks merit.  *See id.*  We overrule appellant's objection to the supplemented record.

In his second and third issues, appellant asks that we modify the judgment to reflect he entered a not guilty plea and to correctly identify the trial judge and the prosecutor for the proceedings.  The State agrees the judgment should be modified as appellant requests.

The record shows the Honorable Gary Stephens presided over the plea hearing, where appellant entered a not guilty plea, and the punishment hearing.  Sherre Sweet represented the State at both hearings.  The judgment, however, incorrectly states appellant pleaded guilty, the Honorable Fred Tinsley was the presiding judge, and Amy Derrick was the attorney for the State.  We sustain appellant's second and third issues.  We modify the judgment to show the presiding judge was the Honorable Gary Stephens, the attorney for the State was Sherre Sweet, and the plea to the offense was not guilty.

As modified, we affirm the trial court's judgment.


/s/ Lana Myers
LANA MYERS
JUSTICE


Do Not Publish
Tex. R. App. P. 47
121721F.U05

-4-



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CLARK DEONTE WINFIELD, II, Appellant

No. 05-12-01721-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the 195th Judicial District Court of Dallas County, Texas (Tr.Ct.No. F07-73268-N).
Opinion delivered by Justice Myers, Justices FitzGerald and Francis participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Judge Presiding" is modified to show "Hon. Gary Stephens."

The section entitled "Attorney for State" is modified to show "Sherre Sweet."

The section entitled "Plea to Offense" is modified to show "Not Guilty."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered October 30, 2013.

/s/ Lana Myers
LANA MYERS
JUSTICE