**Affirm and Opinion Filed November 13, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-12-01323-CR
No. 05-12-01349-CR

**ERIC JERMOND DAVIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F11-71411-W, F11-59063-W**

## MEMORANDUM OPINION

Before Justices Bridges, Fillmore, and Lewis
Opinion by Justice Bridges

Eric Jermond Davis was convicted of assault involving family violence and burglary of a habitation. The trial court assessed punishment in each case, enhanced by two prior felony convictions, at ten years' imprisonment. *See* TEX. PENAL CODE ANN. §§ 22.01(a), 30.02(a) (West 2011). The trial court's judgments also include orders that appellant pay $244 in court costs. In two issues, appellant contends the trial court erred by ordering him to pay court costs. We affirm the trial court's judgments.

Appellant contends the evidence is insufficient to support the trial court's judgment in each case that appellant pay $244 in court costs because the clerk's records do not contain bills

of costs. The State responds that the records contain sufficient evidence to support the trial court's order that appellant pay court costs.

If a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have been accrued and send the bill of costs to the court to which the action or proceeding is . . . appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2006). Costs may not be collected from the person charged with the costs until a written bill, containing the items of cost, is produced and signed by the officer who charged the cost or the officer entitled to receive payment for the cost. *Id*. art. 103.001.

The clerk's records in these cases initially did not contain copies of the bill of costs. We, however, ordered the Dallas County District Clerk to file supplemental records containing certified bills of costs associated with each case, and the clerk did so. *See* TEX. R. APP. P. 34.5(c)(1) (rules of appellate procedure allow supplementation of clerk's record if relevant items have been omitted). Appellant's complaints that the evidence is insufficient to support the imposition of costs because the clerk's records did not contain bills of costs are now moot. *See Coronel v. State*, No. 05-12-00493-CR, 2013 WL 3874446, at *4 (Tex. App.—Dallas July 29, 2013, no pet. h.); *Franklin v. State*, 402 S.W.3d 894, 895 (Tex. App.—Dallas 2013, no pet.). We overrule his first and second issue.

In response to the Court's order requiring supplementation of the records, appellant filed an objection that the bills of costs in the supplemental records are not "proper bill[s] of costs" and the bills of costs were not filed in the trial court or brought to the trial court's attention before costs were entered into the judgments. We reject both arguments.

Appellant first contends the bills of costs are not "proper bill[s] of costs" because they are "unsigned, unsworn computer printout[s]." Appellant acknowledges the district clerk has

certified that the documents constitute costs that have accrued to date," but says this does not "set out the costs as required by statute." While the code of criminal procedure requires a record to be kept, the code is silent on the form of such a record except to the extent it must be certified and signed "by the officer who charged the costs or the officer who is entitled to receive payment for the cost." *See* TEX. CODE CRIM. PROC. ANN. art. 103.001, .006; *Coronel*, 2013 WL 3874446, at *4.

Here, in each case, the district clerk provided a "Bill of Costs Certification" containing the costs that have accrued to date in the respective case, and the documents are certified and signed by the district clerk. Because the documents meet the mandate of the code of criminal procedure, we conclude appellant's objection that the bills of costs are not "proper" lacks merit. *See Coronel*, 2013 WL 3874446, at *4.

Appellant further argues there is no indication the bills of costs were filed in the trial court or brought to the trial court's attention before costs were entered in the judgments. Nothing in the code of criminal procedure or the statutes addressing the assessment of costs against defendants requires that a bill of costs be presented to the trial court at any time before judgment. *See id.* at *5.

Article 42.16 provides that the judgment shall "adjudge the costs against the defendant, and order the collection thereof as in other cases." TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2006). Court costs, as reflected in a certified bill of costs, are not part of the sentence, do not alter the range of punishment, and need not be orally pronounced or incorporated by reference in the judgment to be effective. *Armstrong v. State*, 340 S.W.3d 759, 766 (Tex. Crim. App. 2011); *Coronel*, 2013 WL 3874446, at *5. The code of criminal procedure does not require the bill of costs be filed at the time the trial court signs the judgment of conviction; it only

requires a bill of costs be produced if a criminal case is appealed or costs are collected. *See Coronel*, 2003 WL 3874446, at *5. Because there is no requirement that the costs be presented to the trial court, we conclude appellant's second objection to the supplemented record lacks merit. *See id.* We overrule appellant's objection to the supplemented record.

Finally, we note that in his original brief and his objection to the bills of costs, appellant does not challenge the propriety or legality of the specific costs assessed; therefore, we do not address these matters.

We affirm the trial court's judgments.

Do Not Publish
TEX. R. APP. P. 47
121323F.U05

/David L. Bridges
DAVID L. BRIDGES
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ERIC JERMOND DAVIS, Appellant

No. 05-12-01323-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the 363rd Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F11-71411-W).
Opinion delivered by Justice Bridges,
Justices Fillmore and Lewis participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered November 13, 2013

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

-5-



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ERIC JERMOND DAVIS, Appellant

No. 05-12-01349-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the 363rd Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F11-59063-W).
Opinion delivered by Justice Bridges,
Justices Fillmore and Lewis participating.


Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.


Judgment entered November 13, 2013


/David L. Bridges/
DAVID L. BRIDGES
JUSTICE