

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00008-CV

_____

BILLY DEAN CALDWELL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court Nos. 22015 and 22349

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Complaining on appeal of the withdrawal of funds from his inmate account, Billy Dean Caldwell asserts that the original assessment of attorney fees in his two underlying criminal convictions was improper. Because we lack jurisdiction to address the original assessment of attorney fees in this appeal, we dismiss Caldwell's appeal.

In the underlying cases, Caldwell pled guilty to, and was convicted of, (1) unlawful possession of a firearm by a felon in trial court cause number 22015 and (2) arson in trial court cause number 22349. Sentence was imposed in each matter February 18, 2009, and the trial court assessed $586.00 in court costs in each case, for a total assessment of $1,172.00. There followed trial court notifications of the withdrawal of funds, pursuant to Section 501.014 of the Texas Government Code, from Caldwell's inmate account for costs assessed in the underlying cases. *See* TEX. GOV'T CODE ANN. § 501.104 (West 2012). On February 20, 2009, the trial court entered the notification in trial court cause number 22349. On February 26, 2009, the trial court entered the notification in trial court cause number 22015. On December 19, 2014, Caldwell filed with the trial court a document titled "Motion to Reimburse Court Appointed Attorney Fees that were withdrawn from defendant's Texas Department of Criminal Justice inmate trust fund account #1494105" (Motion to Reimburse). His motion was overruled by the trial court December 29, 2014.[1]

---

[1]Caldwell's motion pertained to both withdrawal notifications.

Caldwell's notice of appeal states that he is appealing the trial court's December 29, 2014, order denying his Motion to Reimburse. The Motion to Reimburse, however, alleges that "the trial court erred in ordering that defendant pay $350.00 in court appointed attorney fees in each of the above numbered causes" and that such fees "should not have been included in the judgment under court costs to be paid by defendant." The Motion to Reimburse further indicates that the record reflects a trial court finding of indigence with no evidence of a change in economic status before the time judgment was entered.

These complaints, as stated in Caldwell's Motion to Reimburse, attack the original assessment of court-appointed attorney fees, not the later withdrawals from his inmate account. Such complaints must have been raised on a direct appeal from the judgment of conviction in which each fee assessment was made. *See Armstrong v. State*, 340 S.W.3d 759, 766–67 (Tex. Crim. App. 2011); *see also Johnson v. State*, 423 S.W.3d 385, 388 (Tex. Crim. App. 2014) (challenge to assessment of costs mandated by criminal statutes may be raised for first time on appeal, and if necessary, record can be supplemented with cost bill even if cost bill created later). Accordingly, because Caldwell appeals from the denial of his Motion to Reimburse, rather than from either judgment of conviction in which the fee assessments were made, this Court lacks jurisdiction to hear Caldwell's appeal.[2]

---

[2]Even if we were to treat Caldwell's notice of appeal as one for a direct appeal from the judgments of conviction, this Court would nevertheless lack jurisdiction to entertain the appeal because it was not timely filed. As a general rule and assuming that no motion for new trial was filed, a criminal defendant must file a notice of appeal within thirty days of the date sentence is imposed. *See* TEX. R. APP. P. 26.2(a)(1). For both convictions, sentence was imposed February 18, 2009. The notice of appeal before this Court was filed January 18, 2015. This is well beyond the thirty days permitted by the Rules.

3

By letter dated March 6, 2015, we notified Caldwell of this potential defect in our jurisdiction and afforded him an opportunity to respond.  Caldwell has not filed a response.

We dismiss this appeal for want of jurisdiction.

Josh R. Morriss, III
Chief Justice

Date Submitted:     April 15, 2015
Date Decided:       April 16, 2015