ACCEPTED
06-18-00077-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
6/4/2018 1:25 PM
DEBBIE AUTREY
CLERK

NO. 06-18-00077-CR

IN THE COURT OF APPEALS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
6/4/2018 1:25:34 PM
DEBBIE AUTREY
Clerk

SIXTH APPELLATE DISTRICT OF TEXAS

AT TEXARKANA, TEXAS


DAVEN MICHAEL RAY,
Appellant

VS.

THE STATE OF TEXAS,
Appellee


Appealed from the 276th Judicial District Court
Marion County, Texas
Trial Court No. F14881


**BRIEF OF APPELLANT**


Submitted by:

/s/ James P. Finstrom
James P. Finstrom
Counsel for Appellant
P.O. Box 276
Jefferson, Texas 75657
903-665-7111
Fax: 903-665-7167
State Bar #07038000
jpfinstrom@sbcglobal.net


APPELLANT DOES NOTREQUEST ORAL ARGUMENT

## IDENTITY OF PARTIES AND COUNSEL
### Pursuant to T.R.A.P. 38.1(a)

Appellant:      Daven Michael Ray
TDCJ No. 02193668
Texas Department of Criminal Justice
1385 FM 3328
Palestine, Texas 75803

Appellant's Counsel at trial

      Hon. William Gleason
117 W. Lafayette Street
Jefferson, Texas 75657

Appellant's Counsel on appeal:

      Hon. James P. Finstrom
P.O. Box 276
Jefferson, Texas 75657

State's Counsel at trial and on appeal:

      Hon. Angela Smoak
County Attorney
102 W. Austin
Jefferson, Texas 75657

Trial Judge:      Hon. Robert Rolston, Judge, 276th Judicial District
Court, Marion County, Texas

## TABLE OF CONTENTS
Pursuant to T.R.A.P. 38.1(b)

Page

IDENTITY OF PARTIES AND COUNSEL    2

TABLE OF CONTENTS    3

INDEX OF AUTHORITIES    5

STATEMENT OF THE CASE    6

ISSUES PRESENTED    7

ISSUE NO. ONE:   THE COURT ERRED WHEN IT ASSESSED ATTORNEY'S FEES AGAINST APPELLANT TO COVER THE COSTS OF APPELLANT'S COURT-APPOINTED COUNSEL AND ORDERED HIM TO PAY $750.00 FOR COURT-APPOINTED COUNSEL.

ISSUE NO. TWO:  THERE IS NO OTHER ERROR PRESENTED IN THE RECORD OF THIS CAUSE.

STATEMENT OF FACTS    7

ISSUE NO. ONE (Restated)    8

DID THE COURT ERR WHEN IT ASSESSED ATTORNEY'S FEES AGAINST APPELLANT TO COVER THE COSTS OF APPELLANT'S COURT-APPOINTED COUNSEL AND ORDERED HIM TO PAY $750.00 FOR COURT-APPOINTED COUNSEL?

SUMMARY OF THE ARGUMENT    8

ARGUMENT (Issue No. 1)    8

ISSUE NO. TWO (Restated)      9

IS THERE ANY OTHER ERROR PRESENTED IN THE
RECORD OF THIS CAUSE?

SUMMARY OF THE ARGUMENT      9

ARGUMENT (Issue No. 2)      9

PRAYER      10

CERTIFICATE OF SERVICE      11

CERTIFICATE OF COMPLIANCE      11

# INDEX OF AUTHORITIES
## Pursuant to T.R.A.P. 38.1(c)

Cases:                                          Page


Armstrong v. State, 340 S.W.3d 759
    (Tex.Crim.App. 2011)                          9

Clark v. State,
    365 S.W.3d 333
    (Tex.Crim.App. 2012)                         10

Draheim v. State, 916 S.W.2d 593
    (Tex.App.—San Antonio 1996), p.d.r. ref'd    10


Statutes:

Article 26.05(g), Code of Criminal Procedure     9

All references to Texas statutes, rules, etc. are to the latest edition published by West Publishing Company, unless otherwise noted.

## STATEMENT OF THE CASE
### Pursuant to T.R.A.P. 38.1(d)

Appellant was indicted for Burglary of a Habitation with Intent to Commit the Felony Offense of Sexual Assault, a first degree felony, alleged to have occurred on or about May 9, 2017. (CR 6)  Appellant plead guilty to the trial court pursuant to a plea bargain, which deferred adjudication of guilt and placed him on community supervision for 7 years and assessed a fine of $1500.00 plus all costs of court.  (CR 20)  The State filed State's First Amended Motion To Proceed With An Adjudication of Guilt on March 1, 2018   (CR 30) At the hearing on the State's motion to adjudicate, Appellant plead true to the allegations in the motion to adjudicate and the trial court adjudicated Appellant's guilt on April 13, 2018, and sentenced him to 20 years confinement in the Institutional Division of the Texas Department of Criminal Justice.  (CR 34, RR 7-8)  Appellant gave timely Notice of Appeal to this Court on May 8, 2018.  (CR 37)  The Clerk's Record was filed on May 17, 2018, and Appellant's Brief is due on June 20, 2018.  The trial court's certification of Appellant's right of appeal appears in the record.  (CR 33)

**ISSUES PRESENTED**
Pursuant to T.R.A.P. 38.1(e)

ISSUE NO. ONE:   THE COURT ERRED WHEN IT ASSESSED
ATTORNEY'S FEES TO COVER THE COSTS OF
APPELLANT'S COURT-APPOINTED COUNSEL AND
ORDERED HIM TO PAY $750.00 FOR COURT-APPOINTED
COUNSEL.

ISSUE NO. TWO:  THERE IS NO OTHER ERROR PRESENTED
IN THE RECORD OF THIS CAUSE.

**STATEMENT OF FACTS**
Pursuant to T.R.A.P. 38.1(f)

Appellee called four witnesses to testify at the adjudication

hearing.

David Newsom, a Harrison County deputy sheriff, testified that

he stopped a vehicle in which Appellant was a passenger and he

gave a false name and was placed under arrest for failure to identify.

(RR 11-12)

Stephen Cable, also a Harrison County deputy sheriff, was

present with Deputy Newsom and participated in the arrest of

Appellant.  (RR 13-14)

Megan Deal, a probation officer from Gregg County who is

housed at the "Deer" unit substance abuse recovery center, testified

that Appellant was transferred to the Deer Unit on September 6,

2017, and that he absconded from that unit on November 26, 2017, and was unsuccessfully discharged from the program. (RR 14-15)

Jennifer Guedara, probation officer with the Marion County Probation Department, testified that she could find no record of a telephone call from Appellant to the probation department after he absconded from the drug treatment unit. (RR 20-22)

Appellant called two witnesses and testified himself, but did not offer testimony to contest the factual allegations made by the State to adjudicate him.

## ISSUE NO. ONE (Restated)

DID THE COURT ERR WHEN IT ASSESSED ATTORNEY'S FEES TO COVER THE COSTS OF APPELLANT'S COURT-APPOINTED COUNSEL AND ORDERED HIM TO PAY $750.00 FOR COURT-APPOINTED COUNSEL?

## SUMMARY OF THE ARGUMENT

Appellant urges that the trial court should not have ordered him to pay $750.00 in court-appointed attorney's fees in the final judgment entered in this cause because he was indigent.

## ARGUMENT (Issue No. 1)

The record reflects that Appellant filed his Sworn Application For Court Appointed Counsel when he was jailed and that the magistrate determined him to be indigent and appointed counsel for

8

him. (CR 7, 8) Under Article 26.05(g), Code of Criminal Procedure, a trial court has the authority to order the reimbursement of court-appointed attorney's fees only if "the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs." There is nothing in the record to show that Appellant has financial resources and the ability to pay his attorney's fees. See Armstrong v. State, 340 SW3d 759 (Tex.Crim.App. 2011).

ISSUE NO. TWO (Restated)

IS THERE ANY OTHER ERROR PRESENTED IN THE RECORD OF THIS CAUSE?

SUMMARY OF THE ARGUMENT
Pursuant to T.R.A.P. 38.1(g)

Appellant discerns no other potential issues to be raised on the appeal of this cause since his plea of guilty resulting in deferred adjudication and his plea of true to the allegations in the motion to adjudicate waives any non-jurisdictional error.

ARGUMENT (Issue No. 2)

Counsel is of the opinion that Appellant's non-negotiated plea of true to the allegations in the motion to adjudicate filed against him waives all non-jurisdictional error as would a non-negotiated plea of

9

guilty.  See <u>Draheim v. State</u>, 916 S.W.2d 593 (Tex.App.—San Antonio 1996), p.d.r. ref'd.  And there were no issues raised by objections by either party to lay any predicate for appeal. See <u>Clark v. State</u>, 365 S.W.3d 333 (Tex.Crim.App. 2012).  There being no issues raised in the record, this appeal is frivolous apart from the issue raised in Issue No 1 above.

PRAYER

Appellant prays that the judgment in this cause be reformed and the order that Appellant pay his court-appointed attorney's fees be stricken from the judgment and counsel is of the opinion that Appellant's appeal is without merit as to any reversible error, and prays that he be permitted to withdraw in this case and for such other and further relief to which Appellant may be entitled.

Respectfully submitted,

<u>/s/ James P. Finstrom</u>
James P. Finstrom
Counsel for Appellant
202 S. Marshall,
P.O. Box 276
Jefferson, Texas 75657
903-665-7111
Fax: 903-665-7167
Texas Bar #07038000
jpfinstrom@sbcglobal.net

**CERTIFICATE OF SERVICE**

I certify that I have delivered a true copy of this brief to Hon. Angela Smoak, counsel for the State, on this 4th day of June, 2018, and I have served a true copy of the brief and a copy of the reporter's record and the clerk's record in this cause on Appellant at 1385 FM 3328, Palestine, Texas 75803 by United States mail, first class postage prepaid.

/s/ James P. Finstrom
James P. Finstrom

**CERTIFICATE OF COMPLIANCE**

I certify that Appellant's Brief filed electronically on this 4th day of June, 2018 complies with Tex. R. App. P. 9.4(i)(2)(B). This Brief contains 1,383 words.

/s/ James P. Finstrom
James P. Finstrom