

# IN THE
# TENTH COURT OF APPEALS

### No. 10-24-00053-CR

**CRISTINO ANTONIO VILLATORO AMAYA,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 12th District Court**
**Walker County, Texas**
**Trial Court No. 23812**

## MEMORANDUM OPINION

In his sole issue on appeal, Appellant contends that the trial court erred by assessing a fine in the written judgment that was not orally pronounced at sentencing. The State agrees that the fine should be deleted from the judgment. We agree with the parties, modify the written judgment to delete the fine, and affirm the judgment as modified.

BACKGROUND

Appellant pled guilty to the offense of sexual assault and proceeded to a bench trial on punishment. *See* TEX. PENAL CODE ANN. § 22.011. At the conclusion of the punishment hearing, the trial court orally pronounced Appellant's sentence of 7 years in prison with credit for 357 days of time served. The trial court did not orally pronounce a fine; however, a $100 fine is assessed in the written judgment.[1]

DISCUSSION

A defendant's sentence must be pronounced orally in his presence. TEX. CODE CRIM. PROC. ANN. art. 42.03 § 1(a); *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). A fine is a part of the defendant's sentence and therefore must be orally pronounced. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011); *see Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004). "[T]he judgment, including the sentence assessed, is merely the written declaration and embodiment of that oral pronouncement." *Madding*, 70 S.W.3d at 135. When a conflict between the written

---

[1] Both parties indicate that this $100 fine may have been assessed pursuant to Texas Code of Criminal Procedure Article 102.0186, which requires a defendant to pay a $100 fine for certain sexual offenses. *See* TEX. CODE CRIM. PROC. ANN. art. 102.0186(a). We note, however, that in the "Fines Imposed Include" section of the written judgment, the box assessing a $100 Child Abuse Prevention Fine under Article 102.0186 is not checked, and the record does not otherwise indicate that the $100 fine was assessed pursuant to that provision. Further, the current version of Article 102.0186 mandating $100 to be assessed as a fine does not apply to Appellant's case because Appellant's offense occurred before its January 1, 2020 effective date. *See* Act of May 21, 2019, 86th Leg., R.S., ch. 1352, §§ 2.40, 5.01, 2019 Tex. Gen. Laws 60, 131 (codified at TEX. CODE CRIM. PROC. ANN. art. 102.0186(a), (c)) (eff. Jan. 1, 2020). The version of Article 102.0186 applicable to Appellant's case assessed $100 as a court cost, not as a fine. *See* Acts of June 6, 2005, 79th Leg., R.S., ch. 268, §§ 1.127, 5.02, 2005 Tex. Gen. Laws 268 (codified at TEX. CODE CRIM. PROC. ANN. art. 102.0186).

judgment and the oral pronouncement of the sentence exists, the oral pronouncement controls. *Id.*

We agree with the parties that the $100 fine in the written judgment conflicts with the trial court's oral pronouncement at sentencing and was assessed in error. Accordingly, the judgment is modified to delete the assessed fine. *See Taylor*, 131 S.W.3d at 502.

## Conclusion

We modify the trial court's judgment to delete the assessed $100 fine and affirm as modified.

STEVE SMITH
Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
Affirmed as modified
Opinion delivered and filed October 31, 2024
Do not publish
[CR25]

