**Affirmed as Modified; Opinion Filed November 14, 2013.**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

No. 05-13-00006-CR
No. 05-13-00007-CR
No. 05-13-00009-CR

**JOY JANE KIRVEN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause Nos. F12-56533-H, F12-56534-H, F12-50611-H**

## MEMORANDUM OPINION

Before Justices O'Neill, Lang-Miers, and Evans
Opinion by Justice Evans

Joy Jane Kirven was convicted of felony prostitution, escape from custody, and unauthorized absence from a community corrections facility. In each case, the trial court sentenced appellant to seven years' imprisonment. In four points of error, appellant contends the judgments in cause nos. 05-13-00006-CR and 05-13-00007-CR should be modified to correct inaccuracies and there is insufficient evidence to support the trial court's order that appellant pay court costs in cause no. 05-13-00009-CR. We modify the trial court's judgments in cause nos.

05-13-00006-CR and 05-13-00007-CR and affirm as modified. We affirm the trial court's judgment in cause no. 05-13-00009-CR.

## BACKGROUND

In cause nos. 05-13-00006-CR and 05-13-00007-CR, appellant waived a jury and pleaded guilty to the charged offenses of felony prostitution and escape from custody, and pleaded true to one enhancement paragraph alleged in each case. The trial court sentenced appellant to ten years' imprisonment, probated for five years in each case. The trial court assessed a $2,000 fine in the prostitution case and a $1,500 fine in the escape case. The State later moved to revoke appellant's community supervision, alleging appellant violated condition (a) by committing the offense of unauthorized absence from community correction facility, and condition (p) by failing to participate in treatment. Appellant pleaded true to violating condition (a) and not true to violating condition (p). The trial court found the allegations true, revoked appellant's community supervision, and sentenced appellant to seven years' imprisonment in each case.

In cause no. 05-13-00009-CR, appellant waived a jury, pleaded guilty to the offense of unauthorized absence from a community corrections facility, and pleaded true to one enhancement paragraph. After finding appellant guilty and the enhancement paragraph true, the trial court sentenced appellant to seven years' imprisonment. The judgment also orders appellant to pay $244 in court costs.

## COURT COSTS

In her fourth point of error, appellant contends the evidence in cause no. 05-13-00009-CR is insufficient to support the trial court's orders that she pay $244 in court costs because the clerk's record does not contain a bill of costs. The State responds that the record contains sufficient evidence to support the assessment of court costs.

If a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have been accrued and send the bill of costs to the court to which the action or proceeding is . . . appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2006). Costs may not be collected from the person charged with the costs until a written bill, containing the items of cost, is produced and signed by the officer who charged the cost or the officer entitled to receive payment for the cost. *Id*. art. 103.001.

The clerk's record in this case initially did not contain a copy of the bill of costs. We, however, ordered the Dallas County District Clerk to file a supplemental record containing the certified bill of costs associated with this case, and the clerk did so. *See* TEX. R. APP. P. 34.5(c)(1) (rules of appellate procedure allow supplementation of clerk's record if relevant items has been omitted). Appellant's complaint that the evidence is insufficient to support the imposition of costs because the clerk's record did not contain a bill of costs is now moot. *See Coronel v. State*, No. 05-12-00493-CR, 2013 WL 3874446, at *4 (Tex. App.—Dallas July 29, 2013, no pet. h.); *Franklin v. State*, 402 S.W.3d 894, 895 (Tex. App.—Dallas 2013, no pet.). We overrule her fourth point of error.

In response to the Court's order requiring supplementation of the records, appellant filed an objection that the bill of costs in the supplemental record is not "proper bill[s] of costs" and the bill of costs was not filed in the trial court or brought to the trial court's attention before costs were entered into the judgment. We reject both arguments.

Appellant first contends the bill of costs in the record is not "proper bill[s] of costs" because they are "unsigned, unsworn computer printout[s]." Appellant acknowledges the district clerk has certified that the documents constitute costs that have accrued to date," but says this does not "set out the costs as required by statute." While the code of criminal procedure requires

a record to be kept, the code is silent on the form of such a record except to the extent it must be certified and signed "by the officer who charged the costs or the officer who is entitled to receive payment for the cost." *See* TEX. CODE CRIM. PROC. ANN. art. 103.001, .006; *Coronel*, 2013 WL 3874446, at *4.

Here, the district clerk provided a "Bill of Costs Certification" containing the costs that have accrued to date in the respective case, and the documents are certified and signed by the district clerk. Because the documents meet the mandate of the code of criminal procedure, we conclude appellant's objection that the bills of costs are not "proper" lacks merit. *See Coronel*, 2013 WL 3874446, at *4.

Appellant further argues there is no indication the bill of costs was filed in the trial court or brought to the trial court's attention before costs were entered in the judgments. Nothing in the code of criminal procedure or the statutes addressing the assessment of costs against defendants requires that a bill of costs be presented to the trial court at any time before judgment. *See id.* at *5.

Article 42.16 provides that the judgment shall "adjudge the costs against the defendant, and order the collection thereof as in other cases." TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2006). Court costs, as reflected in a certified bill of costs, are not part of the sentence, do not alter the range of punishment, and need not be orally pronounced or incorporated by reference in the judgment to be effective. *Armstrong v. State*, 340 S.W.3d 759, 766 (Tex. Crim. App. 2011); *Coronel*, 2013 WL 3874446, at *5. The code of criminal procedure does not require the bill of costs be filed at the time the trial court signs the judgment of conviction; it only requires a bill of costs be produced if a criminal case is appealed or costs are collected. *See Coronel*, 2003 WL 3874446, at *5. Because there is no requirement that the costs be presented

to the trial court, we conclude appellant's second objection to the supplemented record lacks merit. *See id.* We overrule appellant's objection to the supplemented record.

## MODIFY JUDGMENTS

In her first and second points of error, appellant contends the judgments in the cause nos. 05-13-00006-CR and 05-13-00007-CR should be modified to show she pleaded true to the first allegation in the State's motions to revoke, and pleaded not true to the second allegation. In her third point of error, appellant asserts the judgment in cause no. 05-13-00007-CR should be further modified to correctly identify the statute of the offense. The State agrees the judgments should be modified.

In both cause nos. 05-13-0006-CR and 05-13-00007-CR, the record shows appellant pleaded true to violating condition (a) of her community supervision and pleaded not true to violating condition (p). The judgments incorrectly recite appellant's plea to the motions to revoke as true. In cause no. 05-13-00007-CR, the judgment also incorrectly identifies the statute of the offense as 43.02 penal code. Accordingly, we sustain appellant's first three issues.

We modify the section of the trial court's judgments entitled "plea to motion to revoke" to show appellant pleaded true to violating condition (a) and not true to violating condition (p). *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref d). In cause no. 05-13-00007-CR, we also modify the judgment to show the statute of the offense is "38.06 Penal Code." *Id.*

CONCLUSION

In cause no. 05-13-00006-CR, we modify the judgment revoking community supervision to show the plea to the motion to revoke is true to condition (a) and not true to condition (p). As modified, we affirm the trial court's judgment.

In cause no. 05-13-00007-CR, we modify the judgment revoking community supervision to show the statute of the offense is "38.06 Penal Code," and the plea to the motion to revoke is true to condition (a) and not true to condition (p). As modified, we affirm the trial court's judgment.

In cause no. 05-13-00009-CR, we affirm the trial court's judgment.


/David Evans/
DAVID EVANS
JUSTICE


Do Not Publish
TEX. R. APP. P. 47
130006F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOY JANE KIRVEN, Appellant

No. 05-13-00006-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court No. 1 of Dallas County, Texas (Tr.Ct.No. F12-56533-H).
Opinion delivered by Justice Evans, Justices O'Neill and Lang-Miers participating.

Based on the Court's opinion of this date, the trial court's judgment revoking community supervision is **MODIFIED** as follows:

The section entitled "Plea to Motion to Revoke" is modified to show "True to Condition(a) and Not True to Condition (p)."

As modified, we **AFFIRM** the trial court's judgment revoking community supervision.

Judgment entered November 14, 2013.

/David Evans/
DAVID EVANS
JUSTICE

-7-



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOY JANE KIRVEN, Appellant

No. 05-13-00007-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 1 of Dallas County, Texas (Tr.Ct.No.
F12-56534-H).
Opinion delivered by Justice Evans,
Justices O'Neill and Lang-Miers
participating.

Based on the Court's opinion of this date, the trial court's judgment revoking community supervision is **MODIFIED** as follows:

The section entitled "Statute for Offense" is modified to show "38.06 Penal Code."

The section entitled "Plea to Motion to Revoke" is modified to show "True to Condition(a) and Not True to Condition (p)."

As modified, we **AFFIRM** the trial court's judgment revoking community supervision.


Judgment entered November 14, 2013.


/David Evans/
DAVID EVANS
JUSTICE

-8-



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOY JANE KIRVEN, Appellant

No. 05-13-00009-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 1 of Dallas County, Texas (Tr.Ct.No.
F12-50611-H).
Opinion delivered by Justice Evans,
Justices O'Neill and Lang-Miers
participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered November 14, 2013.

/David Evans/
DAVID EVANS
JUSTICE