**MODIFY and AFFIRM; November 18, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-12-01642-CR
No. 05-12-01643-CR

**ELLIS EDWARD JAMES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause Nos. F12-16679-Y, F12-16678-Y**

## MEMORANDUM OPINION

Before Justices O'Neill, Lang-Miers, and Evans
Opinion by Justice Lang-Miers

Ellis Edward James appeals his two convictions for unlawful possession of a firearm by a felon. After finding him guilty and two enhancement paragraphs true, the jury assessed punishment at thirty-three years' imprisonment. The trial court's judgments also include orders that appellant pay $264 in court costs. In four issues, appellant contends the trial court erred by ordering him to pay court costs and the judgments should be modified to show he pleaded true to two enhancement paragraphs and the jury found them true. We modify the trial court's judgments and affirm as modified.

COURT COSTS

In his first two issues, appellant contends the evidence is insufficient to support the trial court's judgment in each case that appellant pay $264 in court costs because the clerk's records do not contain bills of costs. The State responds that the trial court did not err in assessing court costs in each case.

If a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have been accrued and send the bill of costs to the court to which the action or proceeding is . . . appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2006). Costs may not be collected from the person charged with the costs until a written bill, containing the items of cost, is produced and signed by the officer who charged the cost or the officer entitled to receive payment for the cost. *Id*. art. 103.001.

The clerk's record in these cases initially did not contain a copy of the bill of costs. We, however, ordered the Dallas County District Clerk to file supplemental records containing certified bills of costs associated with each case, and the clerk did so. *See* TEX. R. APP. P. 34.5(c)(1) (rules of appellate procedure allow supplementation of clerk's record if relevant items has been omitted). Appellant's complaints that the evidence is insufficient to support the imposition of costs because the clerk's records did not contain bills of costs are now moot. *See Coronel v. State*, No. 05-12-00493-CR, 2013 WL 3874446, at *4 (Tex. App.—Dallas July 29, 2013, no pet. h.); *Franklin v. State*, 402 S.W.3d 894, 895 (Tex. App.—Dallas 2013, no pet.). We overrule his first and second issue.

In response to the Court's order requiring supplementation of the records, appellant filed an objection that the bills of costs in the supplemental records are not "proper bill[s] of costs"

and the bills of costs were not filed in the trial court or brought to the trial court's attention before costs were entered into the judgments. We reject both arguments.

Appellant first contends that the bills of costs in the records are not "proper bill[s] of costs" because they are "unsigned, unsworn computer printout[s]." Appellant acknowledges the district clerk has certified that the documents constitute costs that have accrued to date," but says this does not "set out the costs as required by statute." While the code of criminal procedure requires a record to be kept, the code is silent on the form of such a record except to the extent it must be certified and signed "by the officer who charged the costs or the officer who is entitled to receive payment for the cost." *See* TEX. CODE CRIM. PROC. ANN. art. 103.001, .006; *Coronel*, 2013 WL 3874446, at \*4.

Here, in each case, the district clerk provided a "Bill of Costs Certification" containing the costs that have accrued to date in the respective case, and the documents are certified and signed by the district clerk. Because the documents meet the mandate of the code of criminal procedure, we conclude appellant's objection that the bills of costs are not "proper" lacks merit. *See Coronel*, 2013 WL 3874446, at \*4.

Appellant further argues there is no indication the bills of costs were filed in the trial court or brought to the trial court's attention before costs were entered in the judgments. Nothing in the code of criminal procedure or the statutes addressing the assessment of costs against defendants requires that a bill of costs be presented to the trial court at any time before judgment. *See id.* at \*5.

Article 42.16 provides that the judgment shall "adjudge the costs against the defendant, and order the collection thereof as in other cases." TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2006). Court costs, as reflected in a certified bill of costs, are not part of the sentence, do

not alter the range of punishment, and need not be orally pronounced or incorporated by reference in the judgment to be effective. *Armstrong v. State*, 340 S.W.3d 759, 766 (Tex. Crim. App. 2011); *Coronel*, 2013 WL 3874446, at \*5. The code of criminal procedure does not require the bill of costs be filed at the time the trial court signs the judgment of conviction; it only requires a bill of costs be produced if a criminal case is appealed or costs are collected. *See Coronel*, 2003 WL 3874446, at \*5. Because there is no requirement that the costs be presented to the trial court, we conclude appellant's second objection to the supplemented record lacks merit. *See id.* We overrule appellant's objection to the supplemented record.

MODIFY JUDGMENTS

In his third and fourth issues, appellant asks us to modify the judgments to show he pleaded true to the two enhancement paragraphs in each case and the jury found the enhancement paragraphs to be true. The State agrees that the judgments should be modified as appellant requests.

The records show that in each case, appellant pleaded true to two enhancement paragraphs during the punishment phase. The jury found the two enhancement paragraphs true and assessed punishment in each case within the enhanced range. The judgments, however, recite "N/A" for the plea and findings on the second enhancement paragraph. We sustain appellant's third and fourth issue. We modify the judgments to show appellant pleaded true to two enhancement paragraphs and the jury found the enhancement paragraphs true. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref d).

We further note the judgment in each case incorrectly recites the statute of the offense for which appellant was convicted. Appellant was convicted of unlawful possession of a firearm by

a felon pursuant to section 46.04 of the penal code. *See* TEX. PENAL CODE ANN. § 46.04(a) (West 2011). The judgments, however, incorrectly identify the statute as "46.05 Penal Code." We modify each judgment to show the statute for the offense is "46.04 Penal Code." *See* TEX. R. APP. P. 43.2(b); *Bigley*, 865 S.W.2d at 27–28; *Asberry*, 813 S.W.2d at 529–30.

As modified, we affirm the trial court's judgments.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

121642F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ELLIS EDWARD JAMES, Appellant

No. 05-12-01642-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 7 of Dallas County, Texas (Tr.Ct.No.
F12-16679-Y).
Opinion delivered by Justice Lang-Miers,
Justices O'Neill and Evans participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Statute for Offense" is modified to show "46.04 Penal Code."
The section entitled "Plea to 2nd Enhancement/Habitual Paragraph" is modified to show "True."
The section entitled "Findings on 2nd Enhancement/Habitual Paragraph" is modified to show "True.

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered November 18, 2013.


/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ELLIS EDWARD JAMES, Appellant

No. 05-12-01643-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court No. 7 of Dallas County, Texas (Tr.Ct.No. F12-16678-Y).
Opinion delivered by Justice Lang-Miers, Justices O'Neill and Evans participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Statute for Offense" is modified to show "46.04 Penal Code."
The section entitled "Plea to 2nd Enhancement/Habitual Paragraph" is modified to show "True."
The section entitled "Findings on 2nd Enhancement/Habitual Paragraph" is modified to show "True.

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered November 18, 2013.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE