

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00188-CR

_____

ROY EDWARD SMITH, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 4th District Court
Rusk County, Texas
Trial Court No. CR 13-067

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

Krystle McCoy was scheduled to testify before a Rusk County grand jury against Roy Edward Smith regarding allegations that Smith had originated multiple harassing telephone calls to John McCoy, a man who is unrelated to Krystle but who has the same name as her father. Krystle claims that, just days before her grand jury date, Smith sent her a series of text messages offering her $2,500.00 to get the charges dropped.

Based on this apparent offer to bribe Krystle, Smith was convicted of tampering with a witness and sentenced to twenty years' confinement.[1] On appeal, Smith challenges the sufficiency of the evidence to support his conviction and the trial court's inclusion of the fees of Smith's appointed attorney in court costs. We modify the trial court's judgment to remove attorneys' fees from the cost assessment and affirm the modified judgment, because (1) sufficient evidence supports the conviction since the difference between the charging instrument and the evidence at trial was immaterial, and (2) attorneys' fees should not have been included in the costs.

---

[1]Smith was also convicted of retaliation, a third degree felony. *See* TEX. PENAL CODE ANN. § 36.06(c) (West 2011). That conviction was previously addressed in our opinion in cause number 06-13-00187-CR. In that case, the State alleged and proved a prior felony conviction, thus raising the punishment range to that of a second degree felony. *See* TEX. PENAL CODE ANN. § 12.42(a) (West Supp. 2013). Where the offense of tampering with a witness in a criminal prosecution is alleged, the tampering offense carries the same offense level as that charged in the criminal prosecution. TEX. PENAL CODE ANN. § 36.05(d) (West Supp. 2013). Thus, tampering with a witness is a third degree felony, but the State's enhancement allegation—made in both cases—raised the punishment range to that of a second degree felony.

*(1)*     *Sufficient Evidence Supports the Conviction Since the Difference Between the Charging Instrument and the Evidence at Trial Was Immaterial*

The State's indictment charged that Smith

> did then and there intentionally and knowingly, with intent to influence a witness, offer a benefit to Krystle McCoy who is a witness or prospective witness in an official proceeding in exchange for the said Krystle McCoy either failing to show up for Court in a criminal case styled the State of Texas v. Roy Edward Smith now pending on the docket of the 4th District Court of Rusk County, Texas[,] or discontinuing the prosecution of the said criminal case in which the said Krystle McCoy is the complaining witness.

Smith argues that the complaining witness was actually John McCoy, not Krystle McCoy, and therefore the evidence was legally insufficient to support a finding of guilt.[2]

Under the hypothetically correct jury charge, the State was required to prove Smith, with the intent to influence witness Krystle, offered a benefit to Krystle, a witness in a criminal prosecution of Smith, that, in exchange for this benefit, Smith tried to influence Krystle such that she would absent herself from an official proceeding to which she had been legally summoned, or to discontinue the prosecution of another. *See* TEX. PENAL CODE ANN. § 36.05(a) (West Supp. 2013).

Smith's argument is that the indictment alleged Krystle as a complaining witness in the State's retaliation case against Smith, but the complaining witness in that case was really

---

[2]In evaluating legal sufficiency of the evidence, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd). Sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*.

3

McCoy. Smith argues the State was bound to prove that Krystle was a complaining witness in a pending case. Smith sees this inconsistency as a fatal variance, requiring an acquittal on the tampering charge.

The elements of tampering with a witness do not include the identity of the complaining witness in the prosecution in which the defendant is alleged to have tampered. The hypothetically correct jury charge cannot completely rewrite the indictment, but such a charge need not "track exactly all of the allegations in the indictment." *Gollihar v. State*, 46 S.W.3d 243, 253 (Tex. Crim. App. 2001).[3] The law as authorized by the indictment includes the statutory elements of the offense charged "as modified by the charging instrument." *Curry v. State*, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000). Thus, if the essential elements of the offense are modified by the indictment, the modification must be included. *Gollihar*, 46 S.W.3d at 254. For example, where an indictment alleges one statutory alternative—that the victim in a retaliation prosecution was a witness—but the proof at trial was for another statutory alternative—that the victim was either a prospective witness or an informant—this was a material variance rendering the evidence insufficient. *Cada v. State*, 334 S.W.3d 766, 768 (Tex. Crim. App. 2011).

However, the hypothetically correct charge "need not incorporate allegations that give rise to immaterial variances." *Gollihar*, 46 S.W.3d at 256. In *Gollihar*, a prosecution for theft of a go-cart, the indictment alleged an erroneous model number for the stolen go-cart. Since the

_____

[3]In *Gollihar*, the indictment for theft of a go-cart stated that the go-cart was "Model 136202," but the State's evidence showed that its model was 136203. Because the model number was not an element of the offense and the defendant's guilt or innocence did not depend on the specific model of the go-cart, the variance was immaterial. *Gollihar*, 46 S.W.3d at 258.

4

specific identification of the go-cart was not an element of the offense and nothing suggested that Gollihar was misled by the error, the erroneous number was deemed an immaterial variance and, thus, not part of the hypothetically correct jury charge. *Id*. at 258. That is the situation in the case before us. The status of Krystle as, simply, a witness or as a "complaining witness" is not an element of the offense and not suggested to have been misleading. The variance is immaterial.

That said, because Smith challenges the sufficiency of the evidence, we still review the record to determine whether the State's allegation of tampering with a witness was proven. We conclude that it was.

The State presented evidence that Krystle received a text message from Smith offering $2,500.00 to Krystle if she would "get those charges [against Smith] dropped." This is evidence that Smith contacted Krystle with the intent to influence her and offered to confer a benefit. Strictly speaking, the text messages sought to have Krystle "get [the] charges drop[ped]," which, in light of the circumstances of the case, could be interpreted as trying to get Krystle to absent herself from an official proceeding to which she had been summoned, or to discontinue the prosecution of Smith.

The complainant in the retaliation case, John McCoy, testified that the party making frequent and numerous harassing calls to his home, and who made threatening comments to him after he reported the harassment to law enforcement, was trying to contact Krystle. This provides evidence that Krystle was a witness in the criminal prosecution of Smith for retaliating against McCoy.

5

The thinnest area of evidence is whether there was something on which a rational jury could find, beyond a reasonable doubt, that it was Smith who contacted Krystle with the offer of $2,500.00. Krystle testified that the $2,500.00 text message came from the same number from which she had received texts and voice mail messages for months, if not years, and a person named Roy Smith identified himself in some of those messages as the caller or texter. Evidence connected Smith with the communications and his interest in the pending cases. Identifying State's Exhibit 2, the printout of the text message, Krystle said, "It's a message that Mr. Smith had sent to my personal cell phone, because previous text messages were sent by him, and he did identify himself with that number, because he had called my cell phone and he also had been texting, and I never did respond to any of his texts." She believed these specific messages detailed above also came from Smith "[b]ecause the text messages continued. I mean, the text messages continued, but also called the number continuously multiple times and also left messages on the phone, but that's how I knew that it was him." This is some evidence on which a rational jury could find that Smith sent the text message offering $2,500.00 to "get those charges drop[ped]."[4]

---

[4]Although Smith made many objections to the authentication of the text message at trial, he does not present that objection on appeal. Detective Jarod Finley said he had telephone records connecting Smith to the phone number from which calls to McCoy, and presumably Krystle, were made, but the State made no attempt to offer those into evidence.

*(2)*     *Attorneys' Fees Should Not Have Been Included in the Costs*

Smith also claims, and the State acknowledges, that it was error for the trial court to include $400.00 for attorneys' fees in the court costs assessed against Smith in the judgment. We agree and will strike that portion of the court costs.

Article 26.05(g) of the Texas Code of Criminal Procedure governs the assessment of court-appointed attorneys' fees. TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2013). A trial court's authority to order a defendant to repay the cost of court-appointed counsel depends on the court's determination that "the defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided." *Id*. Once an accused is found to be indigent, he or she is presumed to remain so through the proceedings absent proof of a material change in his or her circumstances. TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2013). Accordingly, to require a defendant to repay court-appointed attorneys' fees, the State must present evidence that the defendant's financial circumstances have materially changed since the court's initial finding of indigence and that the defendant is now capable of paying some or all of those fees. *See Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010).[5] When evidence does not support a court's order to pay attorneys' fees, the proper remedy is to delete the order. *Id.* at 557.

The record for this cause number shows the trial court appointed an attorney for Smith the day of voir dire. In the companion case, this Court's cause number 06-13-00187-CR, Smith

---

[5]"[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer*, 309 S.W.3d at 556).

applied for a court-appointed attorney shortly after being indicted. That sworn request states that Smith was unemployed, without income or assets. The trial court, without specifically finding Smith indigent, appointed counsel. Viewing the record as a whole, including the State's concession, we will treat the trial court's appointment of counsel as a *de facto* finding of indigence. Because there is nothing in the record suggesting a "material change in [Smith's] financial circumstances," he is presumed to remain indigent following the trial court's appointment of counsel. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p). As there is no factual basis in the record supporting any determination that Smith can pay the assessed attorneys' fees, the fees must be removed.

We modify the trial court's judgment deleting the amount of $400.00 in attorneys' fees and affirm, as modified.

Josh R. Morriss, III
Chief Justice

Date Submitted:     May 20, 2014
Date Decided:       June 19, 2014

Do Not Publish