

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00596-CR

JARROD WAYNE COX                                                  APPELLANT

V.

THE STATE OF TEXAS                                                       STATE

----------

### FROM THE 355TH DISTRICT COURT OF HOOD COUNTY
### TRIAL COURT NO. CR11976

----------

### MEMORANDUM OPINION[1]

----------

Appellant Jarrod Wayne Cox appeals the trial court's judgment adjudicating him guilty of aggravated sexual assault of a child and sentencing him to twenty-five years' confinement. *See* Tex. Penal Code Ann. § 12.32 (West 2011), § 22.021 (West 2011 & Supp. 2014). Cox's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that

---

[1]*See* Tex. R. App. P. 47.4.

motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 87 S. Ct. 1396 (1967). Cox had the opportunity to file a pro se brief but did not do so. The State did not file a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief and have determined that the trial court's judgment requires correction with regard to the assessment of a $1,223 fine in the judgment adjudicating guilt and the order to withdraw funds from Cox's inmate trust account, which was incorporated by reference into the judgment. We may modify the judgment in an *Anders* appeal and affirm the judgment as modified. *Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (en banc).

The trial court did not assess a fine during its oral pronouncement of Cox's sentence, but the judgment adjudicating guilt includes a $1,223 fine, and the February 19, 2014 bill of costs prepared by the Hood County District Clerk

reflects that Cox owed $1,223 of a $1,500 fine.[2]  When guilt is adjudicated upon a violation of a condition of community supervision, the order adjudicating guilt sets aside the order deferring adjudication, including any previously imposed fines.  *Taylor v. State*, 131 S.W.3d 497, 501–02 (Tex. Crim. App. 2004) (reasoning that appellant was not sentenced until his guilt was adjudicated and that the trial court was required to orally pronounce fine during sentencing); *see also Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) (noting that fines are punitive).  And when the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls.  *Taylor*, 131 S.W.3d at 500, 502.  Because the trial court did not include the fine previously assessed in its order deferring adjudication in its oral pronouncement of sentence at the revocation hearing, we modify the judgment adjudicating guilt to delete the $1,223 fine, which must also be removed from the bill of costs and the order to withdraw funds from Cox's inmate trust account.  *See id.* at 502; *see also Washington v. State*, No. 02-11-00152-CR, 2012 WL 1345743, at *1–2 (Tex. App.—Fort Worth Apr. 19, 2012, no pet.) (mem. op., not designated for publication) (reforming judgment adjudicating guilt to delete fine not included in oral pronouncement of sentence); *Boyd v. State*, No. 02-11-00035-CR, 2012 WL

---

[2]The original order of deferred adjudication reflected that Cox pled guilty in exchange for eight years' deferred adjudication community supervision and a $1,500 fine.

3

1345751, at *1–2 (Tex. App.—Fort Worth Apr. 19, 2012, no pet.) (mem. op., not designated for publication) (same).

Except for this necessary modification to the judgment, we agree with counsel that this appeal is wholly frivolous and without merit; we find nothing else in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment as modified.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: GARDNER, WALKER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 26, 2015