

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-19-00103-CR

———————————————————

TYRELL CARLISLE, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1554548D

---

Before Sudderth, C.J.; Gabriel and Womack, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

## I. INTRODUCTION

In two issues, Appellant Tyrell Carlisle appeals from the judgment adjudicating him guilty and sentencing him to twelve years' confinement for burglary of a habitation. Specifically, he complains that the fine assessed in the judgment was not pronounced orally and therefore must be deleted from the judgment and that the trial court violated his right to due process when it imposed money "DUE TO CSCD"[1] and probation fees as "reparations" in the judgment of conviction. Sustaining the first issue in its entirety and the second issue in part, we modify the judgment to delete the fine and the money "DUE TO CSCD." As modified, the judgment is affirmed.

## II. BACKGROUND

On October 9, 2018, Carlisle pleaded guilty to burglary of a habitation and, pursuant to a plea agreement, was placed on deferred adjudication community supervision for five years. *See* Tex. Penal Code Ann. § 30.02(a)(3); Tex. Code Crim. Proc. Ann. art. 42A.101. In its order, the trial court also assessed an unsuspended

---

[1]"CSCD" is a common initialism of the community-supervision and corrections department. *See Demerson v. State*, No. 02-18-00003-CR, 2018 WL 3580893, at *1 n.2 (Tex. App.—Fort Worth July 26, 2018, no pet.) (mem. op., not designated for publication).

$500 fine and $279 in court costs, but it did not order restitution.[2]  Carlisle's original conditions of community supervision required him to pay $60 each month as a supervision fee, $20 as a crime-stoppers fee, $500 as a fine, and $279 as court costs. The conditions were later supplemented to include a requirement that he pay $3,500 in restitution at the rate of $70 per month.  In addition to other conditions of community supervision, Carlisle was required to "[s]ubmit a valid, non-dilute, non-adulterated urine, hair, blood, breath, or saliva sample for testing for controlled substances, alcohol, and cannabinoids according to the time and manner as directed by the supervision officer" and to participate in Global Positioning System (GPS) monitoring "until released by the Court."

On November 16, 2018, the State filed a petition to revoke Carlisle's community supervision and to adjudicate his guilt of the underlying offense.  The State alleged that Carlisle failed to comply with the rules and/or procedures of the GPS monitor by cutting off or otherwise removing the device on or about November 6, 2018, and that he failed to provide a urine sample on three occasions.

At the February 15, 2019 hearing on the State's allegations, the trial court revoked Carlisle's community supervision, adjudged him guilty of burglary of a habitation, and sentenced him to twelve years' confinement.  *See* Tex. Penal Code Ann. § 30.02(c)(2).  The trial court did not announce any fine orally.

---

[2]The terms of Carlisle's plea agreement included a recommendation that "restitution [would] be determined."

In the resulting judgment, the trial court assessed a $500 fine, $279 in court costs, and $3,500 in restitution. As shown on the CSCD balance sheet, the "reparations owed" was comprised of $240 in probation fees and $35 "DUE TO CSCD," as well as $279 in court costs, a $500 fine, and $3,500 in restitution. The attached and incorporated order to withdraw funds authorized the withdrawal of $1,054[3] from Carlisle's inmate trust account. Carlisle appealed from the judgment.

In his brief, Carlisle complains that the fine assessed in the judgment was not pronounced orally and must therefore be deleted from the judgment and that the trial court violated his right to due process when it imposed money "DUE TO CSCD" and probation fees as "reparations" in the judgment of conviction. The State agrees that the fine assessed in the judgment was not pronounced orally and must, therefore, be deleted from the judgment. With regard to the second issue, the State agrees that the judgment should be modified to remove the $35 "DUE TO CSCD," but it disagrees that unpaid probation fees cannot be converted into reparations.

## III. DISCUSSION

We first review the fine assessed in the judgment and whether it was pronounced orally. Fines are different from other costs because they are punitive and are intended to be part of the convicted defendant's sentence. *Armstrong v. State*,

---

[3]This amount appears to be the result of adding the amounts for reparations (made up of the community-supervision fees and the amount "DUE TO CSCD"), the fine, and court costs.

340 S.W.3d 759, 767 (Tex. Crim. App. 2011). When guilt is adjudicated upon a violation of a condition of community supervision, the order adjudicating guilt sets aside the order deferring adjudication, including any previously imposed fines. *Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004). The trial court's oral pronouncement of sentence controls over its written judgment to the extent that they conflict. *See id.*; *Mitchell v. State*, No. 02-17-00112-CR, 2017 WL 6759032, at *1 (Tex. App.—Fort Worth Dec. 28, 2017, no pet.) (mem. op., not designated for publication). Here, although the judgment adjudicating guilt includes a $500 fine, the trial court failed to orally announce any fine when it pronounced Carlisle's sentence. Therefore, the judgment must be modified by deleting the $500 fine.

We next review the assessment of costs "to determine if there is a basis for the cost." *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). "Court costs, as reflected in a certified bill of costs, need neither be orally pronounced nor incorporated by reference in the judgment to be effective." *Armstrong*, 340 S.W.3d at 766. Therefore, unlike the fine, the reparations, which are not fine-based, were not part of Carlisle's sentence and, therefore, were not required to be included in the trial court's oral pronouncement of sentence. *See Demerson*, 2018 WL 3580893, at *2.

Carlisle attacks the "reparations" category of the money alleged to be due, which includes funds characterized in the records as "probation fees" in the amount of $240 and "DUE TO CSCD" in the amount of $35. While Carlisle argues that it is unclear that unpaid probation fees and money "DUE TO CSCD" can be defined

5

broadly as reparations, he acknowledges that we have held otherwise. *See Zamarripa v. State*, 506 S.W.3d 715, 716 (Tex. App.—Fort Worth 2016, pet. ref'd). In addition, this court recently held,

> [Appellant's] sole argument covered only questions related to whether probation fees in general, including the fees assessed in his judgment of conviction, can be properly characterized as reparations under the law and therefore assessed as such. Having rejected that exact argument in the past, and being provided no additional argument or authority persuading us to revisit those prior holdings, we overrule [Appellant's] sole point.

*Kitchen v. State*, No. 02-18-00374-CR, 2019 WL 3069871, at *3 (Tex. App.—Fort Worth July 15, 2019, pet. ref'd). Therefore, the judgment properly included probation fees in the amount of $240.

However, the $35 "DUE TO CSCD" finds no support in the record. A fee should be struck from the judgment if the authority for it cannot be discerned. *See Aguirre v. State*, No. 02-18-00117-CR, 2018 WL 6844137, at *3 (Tex. App.—Fort Worth Dec. 31, 2018, pet. ref'd) (mem. op., not designated for publication). Therefore, the judgment must be modified to delete the $35 shown as "DUE TO CSCD."

## IV. Conclusion

Having sustained Carlisle's first issue in its entirety and his second issue in part, we modify the trial court's judgment and the incorporated order to withdraw funds to delete the $500 fine and $35 "DUE TO CSCD." As modified, we affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(b).

6

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: October 3, 2019