**AFFIRM AS MODIFIED; and Opinion Filed August 3, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-20-00932-CR

## NATHAN HAYWOOD STRONG, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 2
Dallas County, Texas
Trial Court Cause No. F17-55421-I**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Smith
Opinion by Justice Schenck

Nathan Haywood Strong appeals his conviction for unlawful possession of a firearm by a felon. Appellant waived a jury trial and entered a negotiated guilty plea before the trial court. Pursuant to the plea agreement, the trial court deferred adjudication of guilt and placed appellant on community supervision for three years with a fine of $1,000. Subsequently, the State moved to adjudicate appellant's guilt, claiming he had violated conditions of community supervision. At the revocation hearing conducted via Zoom, appellant pleaded not true to the alleged violations. The trial court found true most, but not all, of the alleged violations, adjudicated him guilty of the charged offense of unlawful possession of firearm by felon, and

assessed punishment at five years' confinement. That judgment included no amount of court costs, but the cost bill includes the $1,000 fine assessed in the order of deferred adjudication and $249 in court costs.

In three issues, appellant challenges the imposition on him of certain fees and argues the judgment incorrectly reflects he entered a plea of true to the State's motion to adjudicate. We modify the trial court's judgment to reflect appellant entered a plea of "not true" to the "Motion to Adjudicate," affirm the judgment as modified, and modify the bill of costs to delete the $1,000 fine, $13.07 of the consolidated cost fee, and the $25 time-payment fee, without prejudice to the time-payment fee being assessed subsequently if, more than 30 days after the issuance of the appellate mandate, the defendant has failed to completely pay any fine, court costs, or restitution that he owes. Because the issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## DISCUSSION

### I. The Complained-of Fees Were Improperly Imposed

#### A. Consolidated Fee

In his first issue, appellant urges he was charged $133 as costs of court pursuant to section 133.102 of the local government code and that this statute is facially unconstitutional "in that it provided for the collection and distribution of fees that could not be said to be connected to criminal justice as required by Texas law, and therefore a violation of the separation of powers clause of the Constitution."

He argues that portions of that fee were directed to the abused children's counseling fund, which no longer exists, and to the comprehensive rehabilitation fund, for which no criminal purpose exists. *See* TEX. LOC. GOV'T CODE § 133.102.

When a defendant is convicted in a criminal case, various statutes require the payment of fees as court costs. *See Salinas v. State*, 523 S.W.3d 103, 105 (Tex. Crim. App. 2017). One of these statutes assesses a consolidated fee: the defendant pays a single fee, but the money from that fee is divided up among a variety of different state government accounts according to percentages dictated by the statute. *See* LOC. GOV'T § 133.102.[1] In 2017, the court of criminal appeals held section

[1] Section 133.102 has been revised since appellant was ordered to pay consolidated fees in 2018, and the text of that prior version is as follows:

(a) A person convicted of an offense shall pay as a court cost, in addition to all other costs:

(1) $133 on conviction of a felony;

(2) $83 on conviction of a Class A or Class B misdemeanor; or

(3) $40 on conviction of a nonjailable misdemeanor offense, including a criminal violation of a municipal ordinance, other than a conviction of an offense relating to a pedestrian or the parking of a motor vehicle.

(b) The court costs under Subsection (a) shall be collected and remitted to the comptroller in the manner provided by Subchapter B.

(c) The money collected under this section as court costs imposed on offenses committed on or after January 1, 2004, shall be allocated according to the percentages provided in Subsection (e).

(d) The money collected as court costs imposed on offenses committed before January 1, 2004, shall be distributed using historical data so that each account or fund receives the same amount of money the account or fund would have received if the court costs for the accounts and funds had been collected and reported separately.

(e) The comptroller shall allocate the court costs received under this section to the following accounts and funds so that each receives to the extent practicable, utilizing historical data as applicable, the same amount of money the account or fund would have received if the court costs for the accounts and funds had been collected and reported separately, except that the account or fund may not receive less than the following percentages:

(1) crime stoppers assistance                                      0.2581 percent;

133.102 was facially unconstitutional to the extent it allocated funds to the abused children's counseling account and the comprehensive rehabilitation. *See Salinas*, 523 S.W.3d at 105. We agree with appellant that the holding in *Salinas* applies here and that the imposition of any fees allocated to the abused children's counseling account and the comprehensive rehabilitation are unconstitutional and should not be imposed on him. The *Salinas* court, noting that the remainder of the fee was allocated to permissible accounts, concluded the imposed fee should be reduced pro rata and that a $133.00 fee—the same amount imposed here—should be reduced to

---

| | |
|---|---|
| (2) breath alcohol testing | 0.5507 percent; |
| (3) Bill Blackwood Law Enforcement Management Institute | 2.1683 percent; |
| (4) law enforcement officers standards and education | 5.0034 percent; |
| (5) law enforcement and custodial officer supplemental retirement fund | 11.1426 percent; |
| (6) criminal justice planning | 12.5537 percent; |
| (7) an account in the state treasury to be used only for the establishment and operation of the Center for the Study and Prevention of Juvenile Crime and Delinquency at Prairie View A&M University | 1.2090 percent; |
| (8) compensation to victims of crime fund | 37.6338 percent; |
| (9) emergency radio infrastructure account | 5.5904 percent; |
| (10) judicial and court personnel training fund | 4.8362 percent; |
| (11) an account in the state treasury to be used for the establishment and operation of the Correctional Management Institute of Texas and Criminal Justice Center Account | |
| And | 1.2090 percent; |
| (12) fair defense account | 17.8448 percent. |

(f) Of each dollar credited to the law enforcement officers standards and education account under Subsection (e)(5):

(1) 33.3 cents may be used only to pay administrative expenses; and

(2) the remainder may be used only to pay expenses related to continuing education for persons licensed under Chapter 1701,1 Occupations Code.

$119.93. *See id.* at 110–11. Accordingly, we further agree with appellant that the consolidated fee imposed in this case should be reduced by $13.07.

B. *The Time Payment Fee*

In his second issue, appellant urges he was prematurely charged a time payment fee of $25.

Section 133.103 of the local government code provides a convicted person is required to pay a fee of $25 upon being convicted of a felony and pays any part of a fine, court costs, or restitution on or after the 31st day after the date on which a judgment is entered assessing the fine, court costs, or restitution. Appellant argues the imposition of this fee is premature, relying on *Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021), which held the pendency of an appeal stops the clock for purposes of the fee.

The time payment fee was imposed on appellant one month after the trial court signed the order deferring adjudication. However, since an order of deferred adjudication is not a "judgment" as required in section 133.103, the time payment fee was prematurely assessed at that time. *See Turner v. State*, No. 05-19-01493-CR, 2021 WL 3083501, at *2 (Tex. App.—Dallas July 21, 2021, no pet.) (mem. op. on remand). The judgment does not impose any costs, but even if it did, appellant filed his notice of appeal the same day that judgment was signed, so any assessment of the time payment fees in appellant's case is premature. Accordingly, we agree with appellant that the fees should be struck in their entirety, without prejudice to

–5–

them being assessed later if, more than 30 days after the issuance of the appellate mandate, the defendant has failed to completely pay any fine, court costs, or restitution that he owes. *See id.*

## II. *The Bill of Costs Should Be Modified to Strike the Improper Fees*

The State urges that, although the costs appellant complains of in his first and second issues were imposed in the 2018 order deferring adjudication, that order was set aside by the trial court during the hearing on the State's motion to adjudicate, and the 2020 judgment does not impose any costs. The State also points out that, although its motion to adjudicate included, as one of several, the allegation that appellant failed to pay those court costs imposed in the 2018 order deferring adjudication, the trial court did not find that allegation true.

Indeed, the judgment from which appellant appeals does not impose any costs, nor does the record reflect the trial judge orally pronounced any. However, court costs "need neither to be orally pronounced nor incorporated by reference in the judgment to be effective." *Shuler v. State*, No. 05-20-00386-CR, 2022 WL 99997, at *6 n.14 (Tex. App.—Dallas Jan. 11, 2022, no pet.) (citing *Armstrong v. State*, 340 S.W.3d 759, 766 (Tex. Crim. App. 2011)). Moreover, it is the issuance of the certified bill of costs that makes costs payable under article 103.001 of the Texas Code of Criminal Procedure. *Id.* at 765. Here, the bill of costs in the record includes the costs appellant complains of.

Additionally, although not raised by appellant, we note the bill of costs in this case includes the $1,000 fine imposed in the 2018 order deferring adjudication despite the fact the judgment does not include the fine, nor does the record reflect the judge orally imposed a fine. When an accused receives deferred adjudication, no sentence is imposed. *See Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004). Then, when guilt is adjudicated, the order adjudicating guilt sets aside the order deferring adjudication, including the previously imposed fine. *See id.* Because the trial court did not include a fine in its oral pronouncement when appellant was adjudicated guilty, we modify the bill of costs to delete the fine. *See, e.g.*, *Williams v. State*, No. 05-19-00831-CR, 2020 WL 6128232, at *1 (Tex. App.—Dallas Oct. 19, 2020, no pet.).

Although appellant asks that we modify only the judgment, we are authorized on direct appeal to order a modification of a bill of costs independent of finding an error in the trial court's judgment. *See Contreras v. State*, No. 05-20-00185-CR, 2021 WL 6071640, at *8 (Tex. App.—Dallas Dec. 23, 2021, no pet.) (mem. op. on reh'g). Accordingly, we modify the bill of costs to delete the $1,000 fine, $13.07 of the consolidated cost fee, and the $25 time-payment fee, without prejudice to the time-payment fee being assessed later if, more than 30 days after the issuance of the appellate mandate, the defendant has failed to completely pay any fine, court costs, or restitution that he owes.

## III.  *The Judgment Should Be Modified*

In his third issue, appellant urges the judgment adjudicating guilt erroneously reflects he entered a plea of true to the allegations in the State's motion to adjudicate. The State agrees the judgment should be modified to show that appellant actually pleaded "not true."

The judgment incorrectly reflects that appellant pleaded "true" to the State's allegations, but the record reflects that appellant pleaded "not true."  We are authorized to reform a judgment to make the record speak the truth when we have the necessary information to do so.  *See Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993).  Accordingly, we sustain appellant's third issue and modify the judgment accordingly.

### FURTHER OBSERVATIONS

We commend appointed counsel for noting the error and pursuing this appeal to correct the judgment to accord with a court of criminal appeals decision handed down in 2017.  We likewise appreciate the efforts of the counsel who—in 141 cases handed down since July 1 of 2020—have brought to our attention basic errors in the rendition of judgments subject to the rule that appellate courts should assure the signed judgment "speaks the truth" as to who the sentenced party was, what crime served the basis of the conviction, who trial counsel was, and other like errors.  We pause to express our hope that other like errors in rendering judgment have not gone

unnoticed and uncorrected and to convey our concern that the expense associated with these efforts is substantial and would be better avoided.

## CONCLUSION

We modify the trial court's judgment to reflect appellant entered a plea of "not true" to the "Motion to Adjudicate," affirm the judgment as modified, and modify the bill of costs to delete the $1,000 fine, $13.07 of the consolidated cost fee, and the $25 time-payment fee, without prejudice to the time-payment fee being assessed later if, more than 30 days after the issuance of the appellate mandate, the defendant has failed to completely pay any fine, court costs, or restitution that he owes.


/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

DO NOT PUBLISH
Tex. R. App. P. 47
200932F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

NATHAN HAYWOOD STRONG,
Appellant

No. 05-20-00932-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 2, Dallas County, Texas
Trial Court Cause No. F17-55421-I.
Opinion delivered by Justice
Schenck. Justices Osborne and Smith
participating.

Based on the Court's opinion of this date, the judgment of the trial court and the bill of costs are **MODIFIED** as follows:

We **MODIFY** the trial court's judgment to reflect appellant entered a plea of "not true" to the "Motion to Adjudicate," **AFFIRM** the judgment as modified.

Further, we **MODIFY** the bill of costs to delete the $1,000 fine, $13.07 of the consolidated cost fee, and the $25 time-payment fee, without prejudice to the time-payment fee being assessed later if, more than 30 days after the issuance of the appellate mandate, the defendant has failed to completely pay any fine, court costs, or restitution that he owes.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 3rd day of August 2022.