

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00765-CR

John Patrick **RODRIGUEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR8896W
Honorable Raymond Angelini, Judge Presiding

Opinion by: Patricia O. Alvarez, Justice

Sitting: Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Irene Rios, Justice

Delivered and Filed: April 17, 2024

AFFIRMED AS MODIFIED

In this appeal, Appellant John Patrick Rodriguez challenges a fine that was included in the trial court's written judgment even though none was orally assessed against him at his sentencing hearing. The State concedes. The trial court's judgment is affirmed as modified.

### BACKGROUND

In 2018, Rodriguez pled no contest to tampering with evidence, a third-degree felony, pursuant to a plea agreement in which the State agreed to recommend deferred adjudication. In

accordance with the plea agreement, the trial court deferred adjudication and placed Rodriguez on four years' community supervision.

In 2022, the State moved to revoke Rodriguez's community supervision after he violated conditions. Rodriguez pled not true, but upon hearing testimony from Rodriguez's probation officer, the trial court adjudicated Rodriguez guilty. In its pronouncement of sentence, the trial court orally pronounced a sentence of seven years' imprisonment. The trial court subsequently signed a written judgment that sentenced Rodriguez to seven years' imprisonment and a $700 fine. Rodriguez appeals the imposition of the fine without the oral pronouncement, and the State concedes.

### STANDARD OF REVIEW

We review a trial court's sentencing determination for an abuse of discretion. *See Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). Even if the State concedes, "this court must still independently examine the error confessed because 'our judgments are precedents, and the proper administration of the criminal law cannot be left merely to the stipulation of parties.'" *Estrada v. State*, 313 S.W.3d 274, 286 (Tex. Crim. App. 2010) (quoting *Saldano v. State*, 70 S.W.3d 873, 884 (Tex. Crim. App. 2002)).

### ORAL PRONOUNCEMENT OF SENTENCE VS. WRITTEN JUDGMENT

#### A. Parties' Arguments

Rodriguez argues that the unpronounced fine of $700 that was included in the trial court's written judgment should be stricken. The State concedes.

#### B. Law

If a sentencing trial court intends to assess a fine, it must do so in its oral pronouncement. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). Assessing of a fine in the trial court's written judgment without orally pronouncing it constitutes an abuse of discretion and

must be modified. *Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004); *accord Ex parte Madding*, 70 S.W.3d 131, 136 (Tex. Crim. App. 2002). On appeal from a judgment that contains an unpronounced fine, the appellate court has the power to reform the written judgment. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd)).

## C. Analysis

As represented by both parties, the trial court included a fine in its written judgment that was not included in its oral pronouncement at sentencing. Upon our independent review, we conclude that the fine must be stricken from the judgment. *See Taylor*, 131 S.W.3d at 502; *Ex parte Madding*, 70 S.W.3d at 136. We sustain Rodriguez's sole issue.

### CONCLUSION

Because the trial court included a fine in its written judgment that was not included in its oral pronouncement of Rodriguez's sentence, we modify the judgment to omit the fine. As modified, the trial court's judgment is affirmed.

Patricia O. Alvarez, Justice

DO NOT PUBLISH