

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-23-00107-CR

Joe **RANGEL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2021CR7315
Honorable Catherine Torres-Stahl, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:         Patricia O. Alvarez, Justice
                 Luz Elena D. Chapa, Justice
                 Irene Rios, Justice

Delivered and Filed: April 24, 2024

AFFIRMED AS MODIFIED

In this appeal, Appellant Joe Rangel challenges a fine that was included in the trial court's

written judgment even though none was orally assessed against him at his sentencing hearing.  The

State concedes.  The trial court's judgment is affirmed as modified.

### BACKGROUND

In June 2021, Rangel pled guilty to assault with a deadly weapon pursuant to a plea

agreement that included five years of community supervision, a fine of $1,000, and a

recommendation of deferred adjudication by the State. The trial court deferred adjudication and placed Rangel on five years' community supervision.

In January 2023, the State moved to revoke Rangel's community supervision after he violated conditions. Rangel pled true to one of the violations, and the trial court adjudicated Rangel guilty. In its pronouncement of sentence, the trial court orally pronounced a sentence of four years' imprisonment. The trial court subsequently signed a written judgment that sentenced Rangel to four years' imprisonment and a $1,000 fine. Rangel appeals the imposition of the fine without the oral pronouncement, and the State concedes.

### STANDARD OF REVIEW

We review a trial court's sentencing determination for an abuse of discretion. *See Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). Even if the State concedes, "this court must still independently examine the error confessed because 'our judgments are precedents, and the proper administration of the criminal law cannot be left merely to the stipulation of parties.'" *Estrada v. State*, 313 S.W.3d 274, 286 (Tex. Crim. App. 2010) (quoting *Saldano v. State*, 70 S.W.3d 873, 884 (Tex. Crim. App. 2002)).

### ORAL PRONOUNCEMENT OF SENTENCE VS. WRITTEN JUDGMENT

**A.     Parties' Arguments**

Rangel argues that the unpronounced fine of $1,000 that was included in the trial court's written judgment should be stricken. The State concedes.

**B.     Law**

If a sentencing trial court intends to assess a fine, it must do so in its oral pronouncement. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). Assessing of a fine in the trial court's written judgment without orally pronouncing it constitutes an abuse of discretion and must be modified. *Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004); *accord Ex parte*

*Madding*, 70 S.W.3d 131, 136 (Tex. Crim. App. 2002). On appeal from a judgment that contains an unpronounced fine, the appellate court has the power to reform the written judgment. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd)).

**C.    Analysis**

As represented by both parties, the trial court included a fine in its written judgment that was not included in its oral pronouncement at sentencing. Upon our independent review, we conclude that the fine must be stricken from the judgment. *See Taylor*, 131 S.W.3d at 502; *Ex parte Madding*, 70 S.W.3d at 136. We sustain Rangel's sole issue.

CONCLUSION

Because the trial court included a fine in its written judgment that was not included in its oral pronouncement of Rangel's sentence, we modify the judgment to omit the fine. As modified, the trial court's judgment is affirmed.

Patricia O. Alvarez, Justice

DO NOT PUBLISH